1  Maxim B. Litvak (CA Bar No. 215852)
   PACHULSKI STANG ZIEHL & JONES LLP
2  150 California Street, 15th Floor
   San Francisco, California 94111
3  Telephone: 415/263-7000
   Facsimile: 415/263-7010
4  Email: mlitvak@pszjlaw.com

5  Joseph S. Allerhand
   Richard W. Slack
6  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
7  New York, NY 10153-0119
   Telephone: 212/310-8000
8  Facsimile: 212/310-8007

9  Counsel for Richard A. Williamson, on behalf of
   and as trustee for the Bondholders' Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>**AT HOME CORPORATION**,<br>a Delaware corporation, et al.,<br>                Debtors. | Bankruptcy Case No. 01-32495-TC<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**RESPONSE OF BONDHOLDERS' LIQUIDATING TRUST TO APPLICATION FOR AUTHORITY BY CLASS 7 COMMITTEE TO RETAIN BECKER LAW OFFICE AS ITS COUNSEL; REQUEST FOR HEARING**<br><br>**Hearing:**<br><br>Date: To Be Set<br>Time: To Be Set<br>Ctrm: 23<br>Address: 235 Pine Street, 23rd Floor<br>         San Francisco, CA 94104 |

Richard A. Williamson (the "Trustee"), on behalf of and as trustee for the Bondholders' Liquidating Trust (the "BHLT") of At Home Corporation ("At Home"), created under the *Debtors' Joint Plan of Liquidation*, as amended, modified or supplemented (the "Plan"),[1] confirmed by this Court in the above-captioned case on August 15, 2002, hereby submits this response to, and requests a hearing on, the *Application for Authority by Official Committee of Equity Security Holders to Retain Becker Law Office as Its Counsel* (the "Application"), filed by the Class 7 Committee. The BHLT has entered into a settlement agreement with Cox and Comcast today and will be filing tomorrow a motion for approval of an $80 million settlement of its remaining lawsuit against Cox and Comcast, and will request a status conference thereon. The BHLT suggests that the Court set a hearing on the Application at the same date and time as such status conference. In support of this response and request for hearing, the BHLT states as follows:

## RESPONSE

The BHLT objects to the Class 7 Committee switching legal counsel at the very last moment, and only after the BHLT provided notice to the Class 7 Committee of a likely settlement with Cox and Comcast. The BHLT and the At Home estate have already paid the Class 7 Committee's counsel, Sonnenschein Nath & Rosenthal LLP ("Sonnenschein"), approximately $1.5 million over the past five years – much of that to become familiar with the strengths and weaknesses of the Controlling Shareholders Related Litigation assigned to the BHLT under the Plan. Indeed, the BHLT has been providing monthly updates for years to Sonnenschein on the progress of the suit against Cox and Comcast, which has now been settled subject to this Court's approval.

Given that the BHLT is responsible for paying the legal fees of Class 7 counsel under the Plan, it would be unfair to allow the Class 7 Committee to hire a new lawyer at the final stages of the bankruptcy who will have to spend a significant amount of time at great expense to become familiar with (i) the proceedings in the bankruptcy, including the Plan and associated documents; (ii) the due diligence performed by Sonnenschein for the Class 7 Committee with respect to the Controlling Shareholders Related Litigation pre-confirmation and again during the AT&T settlement process; (iii) the prior AT&T settlement, including the voluminous filings, Court transcripts, and decision;

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Plan.

and (iv) the litigation reports and documents from the Cox and Comcast Litigation produced over the past two years to Sonnenschein as counsel for the Class 7 Committee.

Any approval of a change in counsel should be expressly conditioned on agreement by the Class 7 Committee (i) not to seek reimbursement for fees and expenses for new counsel to "get up to speed" and (ii) not to seek any delay in the scheduling of a hearing to consider approval of the BHLT's settlement with Cox and Comcast based on hiring new counsel.[2]

Indeed, it bears emphasis that the Class 7 Committee apparently decided to change counsel only **after** the BHLT, consistent with its obligations under the Plan, informed the Class 7 Committee's attorneys at Sonnenschein that the BHLT was inclined to enter into a settlement with Cox and Comcast that would resolve the last of the pending Controlling Shareholders Related Litigation.[3] The settlement contemplates a significant $80 million cash payment to the BHLT from Cox and Comcast – which would be one of the largest recoveries ever in a breach of fiduciary duty action in the Court of Chancery in Delaware. After informing Class 7 Committee counsel of the proposed settlement, the parties participated in a conference call where the Trustee, Richard Williamson, solicited the views of the Class 7 Committee on the proposed settlement as required under the Plan. During this conference call, counsel for the Class 7 Committee indicated "for the

---

[2] In addition, the scope of duties of the Class 7 Committee's proposed new counsel outlined in the Application exceeds what is contemplated in the Plan for the Class 7 Committee. The Plan outlines (and limits) the role of the Class 7 Committee as follows:

> The sole purpose of the Class 7 Committee with respect to the Controlling Shareholders Related Litigation shall be considering any settlement, sale or other disposition of the Controlling Shareholders Related Litigation and representing the interests of the members of Class 7 in any proceeding before the Bankruptcy Court to approve [such] settlements . . . .

Article 12.N(3) of the Plan. The Application also inappropriately reserves the right of the Class 7 Committee's new counsel to request a premium beyond customary hourly rates under certain circumstances. The BHLT objects to any attempt to (a) expand the scope of the Class 7 Committee's duties, or those of its counsel, beyond what is specifically set forth in the Plan; or (b) to compensate counsel to the Class 7 Committee in excess of customary hourly rates.

[3] The Plan provides, in relevant part, as follows:

> [I]n the event of a settlement offer by the defendants in the Controlling Shareholders Related Litigation that, in the judgment of the Bondholders' Liquidating Trust may be accepted, the Bondholders' Liquidating Trust shall inform the Class 7 Committee of such offer, prior to acceptance of such offer, and will consider the position of the Class 7 Committee with respect thereto; provided, however, that the Bondholders' Liquidating Trust shall have the full and exclusive authority to accept or reject proposals for settlement, sale or other disposition of the Controlling Shareholders Related Litigation and to conduct negotiations in connection therewith.

Article 12.N.(3) of the Plan.

record" that it opposed the settlement, but if the BHLT would give some of the $80 million settlement to equity, the Class 7 Committee would not object to the settlement with Cox and Comcast.

In assessing a substitution of counsel at this late stage, it is important to understand the depth of knowledge that Sonnenschein has obtained over the last five years concerning precisely the claim at issue in the Cox and Comcast settlement – all of which was already paid for by the BHLT in this case. Sonnenschein's work with respect to At Home began pre-confirmation. Sonnenschein was counsel to the Official Committee of Equity Interests (the predecessor to the Class 7 Committee) prior to the effective date of the Plan and, according to Sonnenschein's final fee application dated December 20, 2002 (the "Fee Application"), incurred pre-effective date fees totaling in excess of $750,000. Sonnenschein's Fee Application indicated that $250,000 of its fee was incurred in connection with due diligence concerning the Controlling Shareholders Related Litigation. Fee App. at ¶ 25. Sonnenschein also stated in its Fee Application that:

- "[s]ubstantial time was expended in the review and analysis of the Shareholder Litigation, including the underlying facts and potential recoveries with respect to such Litigation." Fee App. at ¶ 20.

- "SNR's due diligence also included an independent factual investigation of the merits of the Shareholder Litigation. As part of this investigation, SNR attorneys spoke with some of the attorneys for the parties to the failed transaction. SNR also reviewed deposition transcripts, board minutes and other documents regarding the underlying merits of the Shareholder Litigation." Fee App. at ¶ 30.

Post-effective date, as the Court may recall, Sonnenschein and the Class 7 Committee's financial advisors, Houlihan Valuation Advisors ("HVA"), were actively involved in opposing the BHLT's motion to approve a settlement with AT&T. The settlement of AT&T's claims included (among others) the precise claim brought against Cox and Comcast and which is now being settled – a claim for breach of fiduciary duty arising out of a March 28, 2000 Agreement among and between At Home, Cox, Comcast and AT&T. On May 12, 2005, the Court held a status conference in connection with the AT&T settlement and indicated that fees incurred by the Class 7 Committee that were within $200,000 and incurred in connection with the Class 7 Committee's opposition to the settlement would be presumptively valid. The Class 7 Committee's professionals ultimately incurred nearly *four times* that estimate, and the BHLT paid, $749,876.37 with respect to the AT&T

settlement. Notably, the Court approved the AT&T settlement over the Class 7 Committee's objection on June 22, 2005.

Since the AT&T settlement was approved in June 2005, the Class 7 Committee (through Sonnenschein) has continued to monitor the progress of the Controlling Shareholders Related Litigation – namely, the BHLT's lawsuit against Cox and Comcast which was filed in September 2005. The BHLT has provided monthly reports to Sonnenschein with, among other things, the filings made in the case, including the complaint, answer, motions to dismiss, and pre-trial briefs.

Based on its history with the At Home bankruptcy case, active involvement in opposing the AT&T settlement and constant monitoring of the BHLT's case against Cox and Comcast, Sonnenschein was intimately familiar with the claims that the BHLT now seeks to resolve with Cox and Comcast. Although the BHLT will not speculate as to the Class 7 Committee's rationale for seeking to replace Sonnenschein at this time, and no reason was provided in the papers filed by the Class 7 Committee, one thing is clear: the BHLT should not be required to pay for the Class 7 Committee's new counsel to get "up to speed" on the case, or to delay the BHLT's effort to consummate a settlement with Cox and Comcast that will allow the BHLT's constituency to receive a significant $80 million recovery.

Accordingly, the BHLT will not stand in the way of the Class 7 Committee changing its attorneys (even at this late stage), provided that the Class 7 Committee commits that such substitution will in no way delay these proceedings or require the BHLT to pay *twice* for the Class 7 Committee's lawyers to learn about At Home, the bankruptcy and the claim against Cox and Comcast that the BHLT now seeks to resolve.

## REQUEST FOR HEARING

The BHLT requests a hearing on the Application to consider the BHLT's position as set forth herein. The BHLT suggests that the Court set this matter for hearing at the same date and time as the BHLT's requested status conference on its motion to approve the settlement with Cox and Comcast.

| | | |
|---|---|---|
| Dated: November 1, 2007 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | */s/ Maxim B. Litvak* |
| | | Maxim B. Litvak |
| | | Attorneys for Richard A. Williamson, on behalf of and as trustee for the Bondholders' Liquidating Trust |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

25001-003\DOCS_SF:56573.5

Case: 01-32495    Doc# 4803    Filed: 11/01/07    Entered: 11/01/07 14:08:21    Page 6 of 6

RESPONSE TO APPLICATION OF CLASS 7 COMMITTEE TO RETAIN BERGER LAW GROUP

5