# EXHIBIT A

# SETTLEMENT AGREEMENT
## WILLIAMSON v. COX COMMUNICATIONS, INC., et al.

This Settlement Agreement (the "Settlement Agreement") is entered into by Richard A. Williamson, on behalf of and as trustee for The Bondholders' Liquidating Trust of At Home Corporation and in the name of At Home Corporation ("Williamson" or "Plaintiff"), and Cox Communications, Inc., a corporation organized under the laws of Delaware, and Cox @Home, Inc., a corporation organized under the laws of Delaware (together referred to herein as "Cox"), and Comcast Corporation, a corporation organized under the laws of Pennsylvania, Comcast Online Communications, Inc., a corporation organized under the laws of Delaware, and Comcast PC Investments, Inc., a corporation organized under the laws of Delaware (collectively referred to herein as "Comcast"), and Brian L. Roberts and David M. Woodrow (together referred to herein as the "Individual Defendants"). Williamson, Cox, Comcast, and the Individual Defendants are referred to herein collectively as the "Parties" and individually as a "Party."

## RECITALS

WHEREAS, At Home Corporation and various affiliates filed voluntary petitions under the United States Bankruptcy Code, 11 U.S.C. Section 101 *et seq.*, in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), on September 28, 2001, Bankruptcy Case No. 01-32495-TC (the "Bankruptcy Action");

WHEREAS, Williamson filed a lawsuit against Cox, Comcast, and the Individual Defendants entitled *Williamson v. Cox Communications, Inc., et al.*, No. 1663-CC, pending in the Court of Chancery of the State of Delaware (the "Court of Chancery") (such lawsuit being referred to herein as the "Delaware Action");

WHEREAS, the trial of the Delaware Action was scheduled to commence on October 29, 2007;

WHEREAS, the Parties to the Delaware Action participated in a Court of Chancery mediation process under Court of Chancery Rule 174 before Vice Chancellor Stephen P. Lamb which led to this settlement;

NOW THEREFORE, the Parties state that this Settlement Agreement shall constitute the agreement among them with respect to the settlement of the matters described herein (the "Settlement"), and agree as follows:

### 1. Approval by the Bankruptcy Court

The Settlement is subject to the approval of the Bankruptcy Court in the Bankruptcy Action. Williamson shall promptly seek the Bankruptcy Court's approval of this settlement with notice consistent with the Debtors' Joint Liquidation Plan (the "Plan") or as otherwise required by the Bankruptcy Court. Cox, Comcast, and the Individual Defendants agree to take reasonable steps as requested by Plaintiff to support approval of the Settlement by the Bankruptcy Court.

Because the approval process cannot be completed until after the previously scheduled October 29, 2007 commencement of trial in the Delaware Action, the Parties have notified the Court of Chancery that they have reached a settlement of the Delaware Action and that the settlement is subject to approval of the Bankruptcy Court, and the Court of Chancery has taken the Delaware Action off the trial calendar. If the Bankruptcy Court denies approval of the Settlement or approves the Settlement upon conditions or upon terms inconsistent with the terms of this Settlement Agreement (a "Non-Approval Order"), the Settlement shall (unless the Parties mutually agree to appeal) become null and void, and the Parties shall return to their respective positions *ex ante*, as though the Settlement had never occurred, and the Delaware Action will be rescheduled for a pretrial conference and trial.

## 2. **The Settlement Payment**

2.1 On or before November 15, 2007 (the "Payment Due Date"), which is 14 days from the date of this Settlement Agreement, Cox shall pay, on behalf of itself and David M. Woodrow, the sum of $40,000,000 (forty million dollars), and Comcast shall pay, on behalf of itself and Brian L. Roberts, the sum of $40,000,000 (forty million dollars), into an escrow account maintained by Weil, Gotshal & Manges LLP ("Weil, Gotshal"). The total amount of the settlement is $80,000,000 (eighty million dollars) (the "Full Settlement Amount" or the "Escrowed Property"). Upon non-payment by either Cox or Comcast, or both such Parties, of their respective portions of the Full Settlement Amount, Williamson can elect by written notice to all of the Parties, no later than five business days after the Payment Due Date, to (a) treat the Settlement as null and void (in which event Williamson shall immediately instruct the Escrow Agent (as defined below) to return in full, by wire transfer, to any paying Party the entire amount of such portion of the Full Settlement Amount that shall have been paid by such paying Party), (b) accept the Settlement as to the Parties with respect to whom the requisite portion of the Full Settlement Amount has been paid under this paragraph 2.1 and treat the Settlement as null and void only against the non-paying Parties, or (c) accept the Settlement and seek to specifically enforce the payment of the unpaid portion of the Full Settlement Amount from the non-paying Parties, provided that if Williamson is unable to specifically enforce the Settlement and collect the unpaid portion, he may then exercise rights under (b). Pursuant to wire transfer instructions provided to Cox, Comcast, and the Individual Defendants by Williamson, each of Cox (on behalf of itself and Woodrow) and Comcast (on behalf of itself and Roberts) will pay their respective portions of the Full Settlement Amount, as described above, by wire transfer of such payment to Citibank ABA # 021-000-089, Account Number 43275637, for credit to Weil, Gotshal & Manges LLP Attorney Escrow Account. The settlement amount shall be held in escrow by Weil, Gotshal pursuant to the terms of that certain Escrow Agreement, dated as of November 1, 2007, between Weil, Gotshal and Williamson (the "Escrow Agreement") until Weil, Gotshal, as escrow agent under the Escrow Agreement (Weil, Gotshal or any successor escrow agent thereunder being sometimes referred to herein as the "Escrow Agent") is authorized to release the Escrowed Property as provided in paragraph 2.3 below. The Parties agree that: (i) the Escrowed Property (together with all interest and earnings thereon and any other proceeds of all investments and reinvestments thereof (collectively, the "Proceeds")) shall be reported for federal income tax purposes as being held in a "disputed ownership fund" within the meaning of Section 1.468B-9 of the Treasury Regulations promulgated under the Internal Revenue Code of 1986, as amended, and the Parties shall make any reports as may be required for federal, state

2

and local tax purposes with respect to the Escrowed Property in a manner consistent therewith; (ii) any taxes required to be paid (as reasonably determined by the Escrow Agent) with respect to the Proceeds shall be payable out of the Proceeds and can be reserved from any Proceeds that would otherwise be distributable; and (iii) the Parties shall promptly deliver to the Escrow Agent such certificates and other documents or information as the Escrow Agent may reasonably request in connection with its tax reporting obligations, including, without limitation, a completed, executed Form W-8BEN or W-9, as applicable. The Parties understand that the failure to provide properly completed applicable withholding tax forms may cause the Escrow Agent to become obligated to withhold a portion of any distributions of the Proceeds pursuant to applicable provisions of the Internal Revenue Code of 1986, as amended from time to time. The Parties consent to the terms of the Escrow Agreement in the form attached hereto as Exhibit B.

2.2     When the Full Settlement Amount has been wire-transferred to the Escrow Agent, Williamson will immediately provide to Morris, Nichols, Arsht & Tunnell LLP ("Morris, Nichols") a fully executed Stipulation of Dismissal with Prejudice as set forth in Exhibit A (the "Stipulation of Dismissal"), which shall be held in escrow by Morris, Nichols on behalf of Cox, Comcast, and the Individual Defendants until it is authorized to cause the Stipulation of Dismissal to be filed, as provided in the following paragraph 2.3.

2.3     Williamson (or his agent or representative) shall provide to Cox and Comcast, by email and facsimile, notice of (i) the entry, vacation, reversal, modification or amendment of an order of the Bankruptcy Court approving the Settlement (the "Approval Order"), (ii) the entry, vacation, reversal, modification or amendment of any Non-Approval Order, (iii) the issuance of any stay of an Approval Order, or (iv) the removal of any stay of an Approval Order, in each case promptly on the same day, even if after business hours; provided that Williamson has knowledge that such Approval Order or Non-Approval Order is entered, vacated, reversed, modified or amended, or such stay is issued or removed, as the case may be. The Parties intend that the Escrow Agent shall release the Full Settlement Amount (plus the Proceeds thereof, net of any taxes that are required to be paid in respect of the Proceeds) to Williamson or his designated agent, and Morris, Nichols shall be free to cause the Stipulation of Dismissal to be filed, at substantially the same time, recognizing that precise simultaneity is not possible. In accordance with the Escrow Agreement, the funds shall be released by the Escrow Agent to Williamson (or his designated agent) and Morris, Nichols shall be authorized to cause the Stipulation of Dismissal to be filed at noon Eastern time on the next business day during which the Clerk's Office of the Court of Chancery is open for filings, following the sending of written notice to Cox and Comcast from Williamson (or his agent or representative) via email and facsimile of the entry of an Approval Order, provided that, as of such time, the Approval Order then remains in full force and effect and has not been vacated, reversed, modified, amended or stayed, regardless of whether at the time of the release there is an appeal of the Approval Order still pending or a final judgment with respect thereto. The Parties acknowledge and agree that pursuant to Rule 41(a) of the Rules of the Court of Chancery, the Delaware Action shall be dismissed with prejudice immediately upon the filing of the Stipulation of Dismissal, without further action by the Court of Chancery. If a stay of the Approval Order has been issued, the Escrow Agent shall not release any portion of the Escrowed Property or Proceeds to Williamson (or his designated agent), and Morris, Nichols shall not be authorized to cause the Stipulation of Dismissal to be filed, so long as the Bankruptcy Court's Approval Order remains in full force and effect and has

Case: 01-32495    Doc# 4804-1    Filed: 11/02/07    Entered: 11/02/07 15:30:38    Page 4
of 27

not been vacated, reversed, modified or amended, until noon Eastern time one business day (on a day during which the Clerk of the Court of Chancery is open) following the sending of written notice to Cox and Comcast from Williamson (or his agent or representative) via email and facsimile of removal of the stay of the Approval Order. If there is an entry of a Non-Approval Order, then the Escrow Agent, in accordance with the Escrow Agreement, will return the Escrowed Property and the Proceeds (said Proceeds net of (i) any taxes that are required to be paid in respect of the Proceeds and (ii) actual normal and customary expenses incurred in connection with the maintenance of the escrow) to Cox and Comcast, and Morris, Nichols will return the Stipulation of Dismissal unfiled to Williamson, all within three business days of such Non-Approval Order by the Bankruptcy Court, unless the Parties jointly agree to appeal the Bankruptcy Court's order. The provisions of this paragraph are an integral part of, and a condition to, the Settlement.

2.4     In the event that a stay of the Approval Order has been issued and the Approval Order is thereafter vacated, reversed, modified or amended, the Settlement shall (unless the Parties mutually agree to appeal or otherwise accept such modifications as proposed by the Bankruptcy Court) become null and void, and the Parties shall return to their respective positions *ex ante*, as though the Settlement had never occurred, and the Delaware Action will be rescheduled for a pretrial conference and trial consistent with the provisions of paragraph 1 above. In furtherance thereof, Williamson and/or his authorized representative shall (unless the Parties mutually agree to appeal or otherwise accept such modifications as proposed by the Court) within three (3) business days of the date of the order vacating, reversing, modifying or amending the Approval Order: (a) return to Cox and Comcast their respective portions of the Full Settlement Amount (plus the Proceeds thereof, net of any taxes that are required to be paid in respect of the Proceeds and actual normal and customary expenses incurred in connection with the maintenance of the escrow); or (b) cause to be returned to Cox and Comcast their respective portions of the Full Settlement Amount (plus their respective portions of the Proceeds thereof, net of any taxes that are required to be paid in respect of the Proceeds and actual normal and customary expenses incurred in connection with the maintenance of the escrow) by executing and delivering to the Escrow Agent, a certificate (i) confirming the issuance of such an order, and (ii) instructing the Escrow Agent to release to Cox and Comcast their respective portions of the Full Settlement Amount (plus their respective portions of the Proceeds thereof, net of any taxes that are required to be paid in respect of the Proceeds and actual normal and customary expenses incurred in connection with the maintenance of the escrow), and Morris, Nichols will, within three (3) business days of the date of the order vacating, reversing, modifying or amending the Approval Order, return the Stipulation of Dismissal unfiled to Williamson.

3.     **Releases**

3.1     Williamson, on behalf of the Bondholders' Liquidating Trust and as the designated representative of the estate of At Home Corporation and its affiliated debtors in the Bankruptcy Action (the "At Home Estate"), hereby releases and forever discharges Cox and Comcast, the Individual Defendants, and each of their present and former officers and directors, employees, attorneys and agents and their successors and assigns, subsidiaries, parent corporations, affiliates, representatives, trusts, trustees, predecessors, predecessors in interest, successors in interest, and family members from and against any and all claims, contentions,

4

demands, debts, liabilities, promises, agreements, costs, expenses (including but not limited to attorney's fees), damages, losses, set-offs, recoupments, suits, liens, indemnity or requests for indemnity, actions, fees, expenses, costs, matters, or causes of action that it has had in the past or currently has, whether in law or equity, whether known or unknown, from the beginning of time to the date of the dismissal of the Delaware Action, with prejudice, based on, arising from, or in any way relating to: (1) the letter agreement and attached term sheets and annexes dated March 28, 2000 (the "March 28, 2000 Agreements"); (2) the Delaware Action; (3) the case originally captioned At Home v. Cox Communications Inc., et al., C.A. No. 2-1486, filed in the District of Delaware (the "Federal Action") and subsequently transferred to the Southern District of New York; (4) the Bankruptcy Action; and (5) At Home Corporation and the At Home Estate. This release is intended to release the above parties to the full extent allowed and permitted under the Plan entered in the Bankruptcy Action. Williamson represents and warrants that he is the owner of, has not transferred, and has the authority to release, the above-referenced claims.

3.2     The Individual Defendants and Cox and Comcast, on behalf of themselves and their current and former officers and directors, hereby release and forever discharge Williamson, the Bondholders' Liquidating Trust and the At Home Estate, and their agents, attorneys, successors and assigns, subsidiaries, parent corporations, affiliates, representatives, trusts, trustees, predecessors, predecessors in interest, successors in interest, and family members from and against any and all claims, contentions, demands, debts, liabilities, promises, agreements, costs, expenses (including but not limited to attorney's fees), damages, losses, set-offs, recoupments, suits, liens, indemnity or requests for indemnity, actions, fees, expenses, costs, matters, or causes of action that it has had in the past or currently has, whether in law or equity, whether known or unknown, from the beginning of time to the date of the dismissal of the Delaware Action, with prejudice, based on, arising from, or in any way relating to (1) the March 28, 2000 Agreements; (2) the Delaware Action; (3) the Federal Action; (4) the Bankruptcy Action; and (5) At Home Corporation and the At Home Estate. Cox, Comcast and the Individual Defendants represent and warrant that they are the owners of, have not transferred, and have the authority to release, the above-referenced claims.

3.3     The releases contained in paragraphs 3.1 and 3.2 above shall become effective when the funds are released from escrow and Morris, Nichols files the Stipulation of Dismissal in accordance with the provisions of paragraph 2.3.

3.4     Nothing in this Settlement Agreement and the releases contained herein are intended to effect a release of any promises, covenants, obligations or rights provided in or granted by this Settlement Agreement or the Escrow Agreement.

4.     **Parties to Bear Own Costs**

Each party to the Delaware Action agrees to bear his or its own fees and costs in connection with all matters pertaining to the Delaware Action or any other action, including in connection with the negotiation, preparation and implementation of this Settlement Agreement.

5

5.      **No Admission**

5.1     This Settlement Agreement is not an admission of any liability but is a compromise, and this Settlement Agreement shall not be treated as an admission of liability.

5.2     In the event that the Approval Order is not entered, or after entry is vacated, reversed, modified or amended, the Settlement shall be without force and effect and the Settlement shall not be admissible in any proceeding. Neither the motion to obtain the Approval Order nor any of the pleadings or declarations filed in support of the motion shall be admissible in any proceeding. Nothing herein shall prevent the offering of this Settlement Agreement in evidence after entry of the Approval Order for the purpose of enforcing this Settlement Agreement. The terms of this paragraph shall be binding even if the Approval Order is not entered.

6.      **Choice of Law**

This Settlement Agreement shall be governed by the laws of the State of Delaware, without regard to its conflict of laws principles.

7.      **Representations and Warranties**

7.1     The signatory on behalf of Cox Communications, Inc. to this Settlement Agreement represents that he or she has authority to bind Cox Communications, Inc. to this binding Settlement Agreement.

7.2     The signatory on behalf of Cox@Home, Inc. to this Settlement Agreement represents that he or she has authority to bind Cox@Home, Inc. to this binding Settlement Agreement.

7.3     The signatory on behalf of Comcast Corporation to this Settlement Agreement represents that he or she has authority to bind Comcast Corporation to this binding Settlement Agreement.

7.4     The signatory on behalf of Comcast Online Communications, Inc. to this Settlement Agreement represents that he or she has authority to bind Comcast Online Communications, Inc. to this binding Settlement Agreement.

7.5     The signatory on behalf of Comcast PC Investments, Inc. to this Settlement Agreement represents that he or she has authority to bind Comcast PC Investments, Inc. to this binding Settlement Agreement.

7.6     Williamson represents that he has authority to bind the Bondholders' Liquidating Trust and, as designated representative, the At Home Estate for any claims being released in this Settlement Agreement.

6

8.   **Notice**

Except as may otherwise be expressly provided in this Settlement Agreement, all notices, demands or other communications under this Settlement Agreement shall be in writing and shall be deemed to have been duly given: (a) when personally delivered; (b) upon receipt during normal business hours, otherwise on the first business day thereafter, if transmitted by facsimile with confirmation of receipt; (c) when mailed by certified mail, return receipt requested, postage prepaid; (d) when sent by email to the email addresses of the notice recipients listed below; or (e) when sent by overnight courier, in each case, to the following addressees, or to such other addressees as a party to this Settlement Agreement may from time to time specify by notice to another party to this Settlement Agreement given pursuant hereto.

If to Cox Communications Inc. or Cox@Home, Inc.:

James A. Hatcher
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
Email: jim.hatcher@cox.com
Facsimile: (404) 843-5845

AND

Michael D. Hays
Dow Lohnes PLLC
1200 New Hampshire Ave., NW
Suite 800
Washington, DC 20036
Email: mhays@dowlohnes.com
Facsimile: (202) 776-4711

If to David M. Woodrow:

David M. Woodrow
1675 Misty Oaks Drive
Atlanta, GA 30350
Email: dwoodrow@comcast.net
Facsimile: (770) 671-0915

AND

Michael D. Hays
Dow Lohnes PLLC
1200 New Hampshire Ave., NW
Suite 800
Washington, DC 20036
Email: mhays@dowlohnes.com
Facsimile: (202) 776-4711

7

If to Comcast Corporation; Comcast Online Communications, Inc.; Comcast PC Investments, Inc.; or Brian L. Roberts:

> Brian L. Roberts
> Comcast Corporation
> 1500 Market Street, 9th Floor
> Philadelphia, PA 19102
> Email: brian_roberts@comcast.com
> Facsimile: (215) 981-7794

AND

> Michael Shuster
> Kasowitz, Benson, Torres & Friedman, LLP
> 1633 Broadway
> New York, NY 10019
> Email: mshuster@kasowitz.com
> Facsimile: (212) 506-1800

> If to Williamson:

> Richard A. Williamson
> Flemming Zulack Williamson Zauderer LLP
> One Liberty Plaza
> New York, NY 10006
> Email: rwilliamson@fzwz.com
> Facsimile: (212) 964-9200

AND

> Richard W. Slack
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY 10153
> Email: richard.slack@weil.com
> Facsimile: (212) 310-8007

### 9. **No Modification**

This Settlement Agreement may not be modified, amended or supplemented except by written agreement of the parties to this Settlement Agreement. The Escrow Agreement cannot be modified, amended, supplemented, or any provision thereof waived and a successor trustee under the Escrow Agreement cannot be designated without the prior written consent of Cox and Comcast, which consent cannot be unreasonably withheld, delayed or conditioned.

### 10. **Captions**

The captions of this Settlement Agreement are for convenience only and are not a part of the Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

8

11. **Counterparts**

This Settlement Agreement may be executed in counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process and each copy so executed shall be deemed to be an original and all copies so executed shall constitute one and the same agreement. A photocopy or scanned electronic copy of the signed original can be used for all purposes.

12. **Waiver**

The Parties' releases as set forth are intended to be mutual general releases of all claims, whether known or unknown. The Parties acknowledge that they have been advised by legal counsel and are familiar with the provisions of California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties being aware of said Civil Code section, hereby expressly, knowingly, and intentionally waive any rights they may have thereunder, as well as under any other statute or common law principles of similar effect. The Parties acknowledge and agree that this waiver has been separately bargained for and is an essential and material term of this Settlement Agreement, without which the consideration relating hereto would not have been delivered.

13. **Entire Agreement**

This Settlement Agreement contains and reflects the entire agreement among the Parties relating to the subject matter hereof. All prior or contemporaneous agreements, written or oral, among the parties regarding the subject matter hereof are superseded by this Settlement Agreement.

14. **Interpretation**

In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed as if drafted jointly by each of the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of the authorship of any of the provisions of this Settlement Agreement.

9

ACCEPTED & AGREED:

On Behalf of Cox Communications, Inc.

By: _James M. Hatcher - SVP_
Dated: _11/1/2007_

On Behalf of Cox@Home, Inc.

By: _James M. Hatcher - VP_
Dated: _11/1/2007_

David M. Woodrow

Dated: _____

On Behalf of Comcast Corporation

By: _____
Dated: _____

On Behalf of Comcast Online Communications, Inc.

By: _____
Dated: _____

10

ACCEPTED & AGREED:

On Behalf of Cox Communications, Inc.

By:_____
Dated:_____

On Behalf of Cox@Home, Inc.

By:_____
Dated:_____

David M. Woodrow

_____
Dated: 11/1/2007

On Behalf of Comcast Corporation

By:_____
Dated:_____

On Behalf of Comcast Online Communications, Inc.

By:_____
Dated:_____

10

ACCEPTED & AGREED:

On Behalf of Cox Communications, Inc.

By:_____
Dated:_____

On Behalf of Cox@Home, Inc.

By:_____
Dated:_____

David M. Woodrow

Dated:_____

On Behalf of Comcast Corporation

By:_____ _Arthur R. Block_____
Dated:_____ _11/1/07_____

On Behalf of Comcast Online Communications, Inc.

By:_____ _Arthur R. Block_____
Dated:_____ _11/1/07_____

10

On Behalf of Comcast PC Investments, Inc.

By: _____ Rosemarie S. Teta
Dated: November 1, 2007


Brian L. Roberts


Dated: _____


Richard A. Williamson, on behalf of and as trustee for
The Bondholders' Liquidating Trust of At Home Corporation and
in the name of At Home Corporation


By: _____
Dated: _____

11

On Behalf of Comcast PC Investments, Inc.

By:_____
Dated:_____


Brian L. Roberts

B-S. (signature)
Dated:_____ 11/1/07


Richard A. Williamson, on behalf of and as trustee for
The Bondholders' Liquidating Trust of At Home Corporation and
in the name of At Home Corporation


By:_____
Dated:_____

11

On Behalf of Comcast PC Investments, Inc.

By: _____
Dated: _____


Brian L. Roberts


Dated: _____


Richard A. Williamson, on behalf of and as trustee for
The Bondholders' Liquidating Trust of At Home Corporation and
in the name of At Home Corporation

By: _Richard A. Williamson_
Dated: _November 1, 2007_

11

# EXHIBIT A

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

```
-------------------------------------------------------------x
RICHARD A. WILLIAMSON, on behalf of and as            :
trustee for, the Bondholders' Liquidating Trust of    :
At Home Corporation and in the name of                :
At Home Corporation,                                  :
                                                      :
              Plaintiff,                              :
                                                      :
         - against -                                  :           C.A. No. 1663-CC
                                                      :
COX COMMUNICATIONS, INC.,                             :
COX @HOME, INC., COMCAST CORPORATION,                 :
COMCAST ONLINE COMMUNICATIONS, INC.,                  :
COMCAST PC INVESTMENTS INC.,                          :
DAVID M. WOODROW and BRIAN L. ROBERTS,                :
                                                      :
              Defendants.                             :
-------------------------------------------------------------x
```

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Court of Chancery Rule 41(a)(1)(ii), Plaintiff and Defendants dismiss this

action in its entirety with prejudice. Each party shall bear its own attorneys' fees and costs.

CONNOLLY BOVE LODGE & HUTZ LLP       MORRIS, NICHOLS, ARSHT & TUNNELL, LLP


*/s/ Collins J. Seitz, Jr.*                    */s/ Kenneth J. Nachbar*
Collins J. Seitz, Jr. (No. 2237)               Kenneth J. Nachbar (No. 2067)
Christos T. Adamopoulos (No. 3922)             Lisa K. Whittaker (No. 4614)
1007 North Orange Street                       1201 North Market Street
P.O. Box 2207                                  P.O. Box 1347
Wilmington, DE 19899                           Wilmington, Delaware 19899
(302) 658-9141                                 (302) 658-9200

*Attorneys for Plaintiff*                      *Attorneys for Defendants Comcast Corporation,*
                                               *Comcast Online Communications, Inc., Comcast*
                                               *PC Investments, Inc., and Brian L. Roberts*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____ /s/ David C. McBride _____
David C. McBride (No. 408)
Bruce L. Silverstein (No. 2495)
Brandywine Building
1000 West Street, 17th floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

*Attorneys for Defendants, Cox Communications, Inc., Cox @Home, Inc., and David M. Woodrow*

DATED: October ___, 2007

**EXHIBIT B**

# ESCROW AGREEMENT

**ESCROW AGREEMENT** (this "Agreement"), dated as of November 1, 2007, by and among Richard A. Williamson, on behalf of and as trustee for The Bondholders' Liquidating Trust of At Home Corporation ("Williamson" or the "Trustee"), and WEIL, GOTSHAL & MANGES LLP (the "Escrow Agent").

## W I T N E S S E T H:

WHEREAS, the Trustee and certain other parties (including Cox Communications, Inc. and Comcast Corporation) are parties to that certain Settlement Agreement, dated as of November 1, 2007 (the "Settlement Agreement"), and pursuant thereto a sum of money is required to be held in escrow; and

WHEREAS, the Escrow Agent is willing to serve as escrow agent and hold the Escrowed Property (as hereinafter defined) in accordance with the terms and conditions hereof;

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.	Cox and Comcast, as those parties are defined in the Settlement Agreement, are required to deliver by wire transfer to the Escrow Agent the aggregate sum of $80,000,000 pursuant to the Settlement Agreement (such aggregate sum being referred to herein as the "Escrowed Property"). The Escrow Agent shall not be liable or responsible for the collection of the Escrowed Property or making sure that the wire transfer actually occurs.

2.	The Escrow Agent shall invest, reinvest and/or deposit the Escrowed Property (together with all interest and earnings thereon and any other proceeds of all investments and reinvestments thereof (collectively the "Proceeds")) in its sole discretion after consultation with Williamson in direct obligations of, or obligations guaranteed by, the United States of America, or certificates of deposit or interest bearing accounts of any bank or trust company, incorporated under the laws of the United States of America or any state, which has combined capital and surplus of not less than $100,000,000.

3.	The Escrow Agent shall release the Escrowed Property and any Proceeds (said Proceeds net of (i) any taxes that are required to be paid in respect of the Proceeds and (ii) actual normal and customary expenses incurred in connection with the maintenance of the escrow hereunder) to Williamson or his designated agent at noon Eastern time the next business day following the sending of written notice to Cox and Comcast from Williamson (or his agent or representative) via email and facsimile of the entry of an order of the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), or court of competent

jurisdiction, approving the settlement (the "Approval Order"); provided that such release shall only occur if such Approval Order then remains in full force and effect and has not been vacated, reversed, modified, amended or stayed, regardless of whether at the time of such release there is an appeal of the Approval Order still pending or a final judgment with respect thereto, and further provided that Williamson (or his agent or representative) shall have first provided to the Escrow Agent written notice via email or facsimile that the conditions necessary for the release of the Escrowed Property have been satisfied. If a stay of the Approval Order shall have been issued, the Escrow Agent shall not release any portion of the Escrowed Property or the Proceeds until noon Eastern time on the day that is one business day (and a day during which the Clerk of the Delaware Court of Chancery is open) following the sending of written notice to Cox and Comcast from Williamson (or his agent or representative) via email and facsimile of entry of an order of the Bankruptcy Court, or court of competent jurisdiction, removing the stay of the Approval Order (and only so long as the Approval Order otherwise remains in full force and effect and has not been vacated, reversed, modified or amended); and provided that Williamson (or his agent or representative) shall have first provided to the Escrow Agent written notice via email or facsimile that the conditions necessary for release of the Escrowed Property have been satisfied. If the Bankruptcy Court, or court of competent jurisdiction, denies approval of the settlement or approves the settlement upon conditions or upon terms inconsistent with the terms of this Settlement Agreement (a "Non-Approval Order"), then the Escrow Agent will return to Cox and Comcast (pursuant to such wire instructions as Cox and Comcast may deliver to the Escrow Agent) their respective portions of the Escrowed Property and the Proceeds (said Proceeds net of (i) any taxes that are required to be paid in respect of the Proceeds and (ii) actual normal and customary expenses incurred in connection with the maintenance of the escrow hereunder) within three business days from the date on which the Bankruptcy Court, or court of competent jurisdiction, disapproves the settlement; Williamson (or his agent or representative) shall provide the Escrow Agent (with a copy to Cox and Comcast) with written notice via email or facsimile immediately following the issuance of any Non-Approval Order by the Bankruptcy Court, or other court of competent jurisdiction, that such Non-Approval Order has been issued and that the conditions necessary for release of the Escrowed Property to Cox and Comcast have been satisfied.

        4.      The Escrow Agent shall be entitled to rely upon, and shall be fully protected from all liability, loss, cost, damage or expense in acting or omitting to act pursuant to, any instruction, order, judgment, certification, affidavit, demand, notice, opinion, instrument or other writing delivered to it hereunder without being required to determine the authenticity of such document, the correctness of any fact stated therein, the propriety of the service thereof or the capacity, identity or authority of any party purporting to sign or deliver such document.

        5.      The duties of the Escrow Agent are only as herein specifically provided. The Escrow Agent shall neither be responsible for or under, nor chargeable with knowledge of, the terms and conditions of any other agreement, instrument or document in connection herewith, including, without limitation, the Settlement

2

Agreement, and shall be required to act in respect of the Escrowed Property and any Proceeds only as provided in this Agreement. This Agreement sets forth all the obligations of the Escrow Agent with respect to any and all matters pertinent to the escrow contemplated hereunder and no additional obligations of the Escrow Agent shall be implied from the terms of this Agreement or any other agreement. The Escrow Agent shall incur no liability in connection with the discharge of its obligations under this Agreement or otherwise in connection therewith, except such liability as may arise from the willful misconduct of the Escrow Agent. In furtherance of and without limiting the generality of the foregoing, the Escrow Agent shall incur no liability whatsoever in respect of its selection in accordance with paragraph 2 hereof of investments of the Escrowed Property, including, without limitation, any liability for the rate or timing of the returns thereof resulting from fluctuations in money market conditions or otherwise, or for prices resulting from the need to liquidate an investment prior to maturity.

6.    The Escrow Agent may consult with counsel of its choice, which may include attorneys in the firm of Weil, Gotshal & Manges LLP, and shall not be liable for any action taken or omitted to be taken by the Escrow Agent in good faith in accordance with the advice of such counsel.

7.    The Escrow Agent shall not be bound by any modification, cancellation or rescission of this Agreement unless in writing and signed by the Escrow Agent.

8.    The parties hereto agree that: (i) the Escrowed Property and any Proceeds shall be reported for federal income tax purposes as being held in a "disputed ownership fund" within the meaning of Section 1.468B-9 of the Treasury Regulations promulgated under the Internal Revenue Code of 1986, as amended, and the parties shall make any reports as may be required for federal, state and local tax purposes with respect to the Escrowed Property and any Proceeds in a manner consistent therewith; and (ii) any taxes required to be paid (as reasonably determined by the Escrow Agent) with respect to the Proceeds shall be payable out of the Proceeds and can be reserved from any Proceeds that would otherwise be distributed. Williamson confirms to the Escrow Agent that the parties to the Settlement Agreement have agreed to promptly deliver to the Escrow Agent such certificates and other documents or information as the Escrow Agent may reasonably request in connection with its tax reporting obligations, including, without limitation, a completed, executed Form W-8BEN or W-9, as applicable. The parties hereto understand that the failure to provide properly completed applicable withholding tax forms may cause the Escrow Agent to become obligated to withhold a portion of any distributions of the Proceeds pursuant to applicable provisions of the Internal Revenue Code of 1986, as amended from time to time.

9.    The Escrow Agent is acting as a stakeholder only with respect to the Escrowed Property and the Proceeds. If any dispute arises as to whether the Escrow Agent is obligated to deliver the Escrowed Property or Proceeds or as to whom the Escrowed Property or Proceeds are to be delivered or the amount thereof, the Escrow Agent shall not be required to make any delivery, but in such event the Escrow Agent

3

may hold the Escrowed Property and the Proceeds until receipt by the Escrow Agent of instructions in writing, signed by all parties which have, or claim to have, an interest in the Escrowed Property or Proceeds, directing the disposition of the Escrowed Property and Proceeds, or in the absence of such authorization, the Escrow Agent may hold the Escrowed Property and Proceeds until receipt of a certified copy of a final judgment of a court of competent jurisdiction, which judgment is not subject to appeal (or further appeal) by lapse of time or otherwise, providing for the disposition of the Escrowed Property and Proceeds. The Escrow Agent may require, as a condition to the disposition of the Escrowed Property and Proceeds pursuant to written instructions, indemnification and/or opinions of counsel, in customary form and substance and otherwise reasonably satisfactory to the Escrow Agent, from each party providing such instructions. If such written instructions, indemnification and opinions are not received, or proceedings for such determination are not commenced, within thirty (30) days after receipt by the Escrow Agent of notice of any such dispute and diligently continued, or if the Escrow Agent is uncertain of its duties or as to which party or parties are entitled to the Escrowed Property or Proceeds, the Escrow Agent may either (i) hold the Escrowed Property and Proceeds until receipt of (X) such written instructions and indemnification or (Y) a certified copy of a final judgment of a court of competent jurisdiction, which judgment is not subject to appeal (or further appeal) by lapse of time or otherwise, providing for the disposition of the Escrowed Property and Proceeds, or (ii) deposit the Escrowed Property and Proceeds in the registry of a court of competent jurisdiction; provided, however, that notwithstanding the foregoing, the Escrow Agent may, but shall not be required to, institute legal proceedings of any kind.

10.     Williamson agrees to reimburse the Escrow Agent on demand for, and to indemnify and hold the Escrow Agent harmless against and with respect to, any and all loss, liability, damage, or expense (including, without limitation, attorneys' fees and costs) that the Escrow Agent may suffer or incur in connection with the entering into of this Agreement and performance of its obligations under this Agreement or otherwise in connection therewith, except to the extent such loss, liability, damage or expense arises from the willful misconduct of the Escrow Agent. Without in any way limiting the foregoing, the Escrow Agent shall be reimbursed for the cost of all legal fees and costs incurred by it in acting as the Escrow Agent hereunder (which may include fees and costs of legal services provided by attorneys in the firm of Weil, Gotshal & Manges LLP, based on the normal hourly rates in effect at the time services are rendered). The Escrow Agent shall have the right at any time and from time from time to charge, and reimburse itself from, the Proceeds for all normal and customary expenses and costs incurred in connection with the maintenance of the escrow hereunder.

11.     The Escrow Agent and any successor escrow agent may at any time resign as such by delivering the Escrowed Property and proceeds to either (i) any successor escrow agent designated in writing by Williamson, or (ii) any court having competent jurisdiction. Upon its resignation and delivery of the Escrowed Property and any Proceeds as set forth in this paragraph, the Escrow Agent shall be discharged of, and

4

from, any and all further obligations arising in connection with the escrow contemplated by this Agreement.

12.     This Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their respective successors and assigns. Nothing in this Agreement, express or implied, shall give to anyone, other than the parties hereto and their respective permitted successors and assigns, any benefit, or any legal or equitable right, remedy or claim, under or in respect of this Agreement or the escrow contemplated hereby.

13.     The parties hereto agree that the Escrow Agent may continue its representation of the Trustee notwithstanding their being counterparties to this Agreement.

14.     No party hereto shall be considered the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that might cause any provision to be construed against the drafter.

15.     Except as may otherwise be expressly provided in this Escrow Agreement, all notices, demands or other communications under this Escrow Agreement shall be in writing and shall be deemed to have been duly given: (a) when personally delivered; (b) upon receipt during normal business hours, otherwise on the first business day thereafter, if transmitted by facsimile with confirmation of receipt; (c) when mailed by certified mail, return receipt requested, postage prepaid; (d) when sent by email to the email addresses of the notice recipients listed below; or (e) when sent by overnight courier, in each case, to the following addressees, or to such other addressees as a party to this Escrow Agreement may from time to time specify by notice to another party to this Escrow Agreement given pursuant hereto.

If to Williamson:

Richard A. Williamson
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, NY 10006
Email: rwilliamson@fzwz.com
Facsimile: (212) 964-9200

If to the Escrow Agent, to:

Richard W. Slack
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Email: richard.slack@weil.com
Facsimile: (212) 310-8007

5

16.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York. All actions against the Escrow Agent arising under or relating to this Agreement shall be brought against the Escrow Agent exclusively in the appropriate court in the County of New York, State of New York. Each of the parties hereto agrees to submit to personal jurisdiction and to waive any objection as to venue in the County of New York, State of New York. Service of process on any party hereto in any action arising out of or relating to this Agreement shall be effective if mailed to such party as set forth in the immediately preceding paragraph.

17.     **TO THE FULL EXTENT PERMITTED BY LAW, EACH OF THE PARTIES HERETO HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE ESCROW AGENT ENTERING INTO THIS AGREEMENT.**

18.     This Agreement may be executed in two or more separate counterparts, each of which shall be an original and all of which, together, shall constitute one agreement.

19.     All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine or neuter, singular or plural, as the identity of the parties hereto taken within context may require.

20.     The rights of the Escrow Agent contained in this Agreement, including without limitation the right to indemnification, shall survive the resignation of the Escrow Agent and the termination of the escrow contemplated hereunder.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the day and year first written above.

Richard A. Williamson, on behalf of and as trustee for The Bondholders' Liquidating Trust of At Home Corporation and in the name of At Home Corporation

Dated _November 1, 2007_

6

WEIL, GOTSHAL & MANGES LLP

_____
Richard W. Slack
Dated_____**11 / 1 / 0 7**_____

7