CHRISTOPHER E. PRINCE (SBN 183553)
SONNENSCHEIN NATH &
   ROSENTHAL LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

PETER D. WOLFSON
(Admitted Pro Hac Vice)
SONNENSCHEIN NATH &
   ROSENTHAL LLP
1221 Avenue of the Americas, 24th Floor
New York, New York 10020-1089
Telephone:(212) 768-6700
Facsimile: (212) 768-6800

Attorneys for Class 7 Committee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>AT HOME CORPORATION, et al.<br><br>         Debtors. | Case No. 01-32495-TC<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>STATEMENT RE SUBSTITUTION OF ATTORNEY<br><br>Date:    November 7, 2007<br>Time:   10:00 a.m.<br>Place:   Hon. Thomas E. Carlson<br>           Court Room 23<br>           235 Pine Street<br>           San Francisco, California |

## I. INTRODUCTION

On October 26, 2007, Sonnenschein Nath & Rosenthal LLP filed a Consent Order for Substitution of Attorney seeking court approval of Sonnenschein's withdrawal from its representation of the Class 7 Committee in favor of Stephen C. Becker, Esq. of the Becker Law Office. Mr. Becker filed a separate application to the Court for authorization of his employment. The Bondholders' Liquidating Trust ("BHLT") filed a response to Mr. Becker's application in which it states that it "objects to the Class 7 Committee switching legal counsel." The BHLT suggests that approval of the substitution should be premised on a "commitment" from the Class 7 Committee that the substitution will "in no way delay these proceedings" and that the BHLT will not have to pay for Mr. Becker to inform himself about the nature of this case or the settlement. The BHLT's preemptive objection and its proposed conditions are not appropriate. Accordingly, Sonnenschein requests that the Court approve the substitution without setting preconditions that would limit Mr. Becker's ability to represent the Class 7 Committee effectively.

## II. ARGUMENT

### A. The Class 7 Committee Is Entitled To The Counsel Of Their Choice.

Absent some extraordinary circumstance -- such as a clear conflict of interest -- the Class 7 Committee is entitled to select its own counsel. *See*, *e.g.*, *In re Valley-Vulcan Mold Co.*, 237 B.R. 322, (6th Cir. BAP 1999) (stating that, in the context of a motion to disqualify, "a party's choice of counsel is entitled to substantial deference."). Because the Class 7 Committee is not a statutory committee, Mr. Becker was not required to submit an application for approval of his employment and presumably did so as a courtesy to the BHLT. Moreover, even where the Court does approve the employment of counsel, a party's choice of counsel is entitled to strong deference. *See*, *e.g.*, *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 477 (Bankr. S.D.N.Y. 2007) ("'The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously. Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel ...'") (citing and quoting *In re Codesco, Inc.*, 18 B.R. 997, 999 (Bankr. S.DN.Y. 1982)). The BHLT's professed

STATEMENT RE SUBSTITUTION OF ATTORNEY
-1-

concerns to a hypothetical delay and duplication of effort should not be used as de facto disqualification of Mr. Becker as counsel to the Committee.

### B. The Substitution Should Not Cause Any Prejudicial Delay.

The BHLT's complaints of potential delay are unwarranted. Sonnenschein was first notified of the tentative settlement on Thursday, October 18. On Friday, October 19, Mr. Wolfson participated in a brief conference call with the BHLT Trustee and his counsel regarding the tentative settlement.[1] Promptly thereafter, Sonnenschein notified the Class 7 Committee about the tentative settlement.

It quickly became clear that a disagreement existed between certain members of the Committee and Sonnenschein regarding the appropriate strategy to take in this matter, which resulted in a concomitant breakdown in the attorney client relationship. On October 25, the Committee notified Sonnenschein that it had determined to engage new counsel. Sonnenschein notified the BHLT's counsel immediately and filed the Consent Order for Substitution the very next day. In other words, Sonnenschein filed the substitution only eight days after it was notified of the tentative settlement, and before the BHLT filed its 9019 motion seeking approval of the settlement.

### C. The Potential For A Slight Duplication Of Effort Should Not Prevent The Committee From Retaining Counsel Of Its Choice.

The BHLT has professed concern about duplication of effort. This too is unwarranted. For almost the last two years, from January 2006 to September 2007 (essentially the time since the AT&T settlement was approved to the time Sonnenschein was notified of the Cox/Comcast settlement), Sonnenschein billed less than 40 hours to this matter, approximately 2 hours per month. In this limited time, Sonnenschein conducted no meaningful review or analysis of the

---

[1] In its response to Mr. Becker's application, the BHLT states that the Class 7 Committee promised not to oppose the settlement if the BHLT agreed to share a portion of the settlement proceeds with former equity holders. Perhaps there was a misunderstanding, but this is not an accurate characterization of the conversation between Mr. Wolfson and Mr. Williamson (the BHLT Trustee). Mr. Wolfson attempted to convey the message that if equity received nothing as a result of the settlement he did not see how the Committee could not object. Mr. Wolfson made it clear that he had not yet spoken to the Committee and that he was merely soliciting a settlement offer from the BHLT to provide the Class 7 Committee with an alternative to further litigation.

STATEMENT RE SUBSTITUTION OF ATTORNEY

2

30310767\V-10

Case: 01-32495    Doc# 4816    Filed: 11/06/07    Entered: 11/06/07 17:00:49    Page 3 of 5

Cox/Comcast litigation. As this Court is aware, Sonnenschein's request to participate in the Cox/Comcast litigation on behalf of the Class 7 Committee was denied. Instead, Sonnenschein's role was essentially limited to monitoring the situation and communications with the BHLT's counsel and the Class 7 Committee regarding the procedural status of the litigation.

As discussed above, Sonnenschein was only notified of the tentative settlement slightly more than two weeks ago. Moreover, with the exception of the publicly filed pleadings, a few conference calls with counsel to the Trustee, and, more recently, some pretrial briefing, Sonnenschein did not receive any substantive information about the litigation until October 22 -- only three days before Sonnenschein notified the BHLT of the proposed substitution -- when it was furnished with three boxes including copies of the pre-trial briefs with their exhibits, proposed trial exhibits, and expert reports. Moreover, with the BHLT's knowledge and approval, Sonnenschein stopped working on this matter shortly after filing the substitution form to avoid any duplication of effort with the Becker Law Office, and, except for a few hours of the most cursory review, did not even begin to review the trial exhibits or expert reports.

Given the limited amount of work conducted by Sonnenschein in connection with the Cox/Comcast case, there could be very little duplication of effort. While Sonnenschein may have some useful background on the case from the confirmation hearing and the AT&T settlement hearing, it is merely background. Moreover, the confirmation hearing took place five years ago, and the AT&T settlement hearing over two years ago. These are hardly matters fresh in the minds of counsel such that Sonnenschein would have no need to re-familiarize itself with the record. In any event, whether this settlement makes sense depends upon the strengths or weakness of the Trustee's case here, which Sonnenschein and has not yet analyzed.

STATEMENT RE SUBSTITUTION OF ATTORNEY

III. **CONCLUSION**

For the foregoing reasons, Sonnenschein respectfully requests that the Court approve the proposed substitution of attorney for the Class 7 Committee.

Sonnenschein Nath & Rosenthal LLP

Date: November 6, 2007             By /s/Christopher E. Prince
                                       Christopher E. Prince