**Entered on Docket**
**November 17, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: November 14, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 01-32495 TC |
| AT HOME CORPORATION, et al., | Chapter 11 (Jointly Administered) |
| Debtors. | |

**MEMORANDUM RE NATIONAL UNION'S MOTION TO UNSEAL DOCUMENTS RE COMPROMISE WITH COX AND COMCAST DEFENDANTS**

On November 6, 2007, the court entered an order granting the Bondholders' Liquidating Trust's (BLT) ex parte application to submit under seal documents (Documents) in support of the BLT's motion for approval of compromise with the Cox and Comcast Defendants. On October 17, 2008, National Union Fire Insurance Company of Pittsburgh, PA filed a Motion to Unseal the Documents. National Union contends that sealing the records was not legally justified and, alternatively, that any legal justification has dissipated. The court held a hearing on the Motion on November 14, 2008. Appearances are set forth in the accompanying order. For the reasons stated below, the Motion is denied.

The Documents were properly sealed. The BLT had brought an action (Action) against Cox Communications, Inc., Cox@Home, Inc.,

MEMORANDUM RE NATIONAL UNION'S
MOTION TO UNSEAL DOCUMENTS         -1-

David M. Woodrow, Comcast Corp., Comcast Online Communications, Inc., Comcast PC Investments Inc., and Brian L. Roberts. The BLT proposed to settle the Action. When the Class 7 Committee opposed the settlement, this court was required to determine whether the settlement should be approved. The Documents contained a discussion of the strengths and weaknesses of the Action, and were submitted to help this court determine whether the proposed settlement was reasonable. The information contained in the Documents was clearly work product, and may also have been protected by the attorney-client privilege. If the settlement had not been approved, disclosure of this information would have been harmful to the BLT. The settlement was approved at a closed hearing in which the Class 7 Committee was permitted access to the Documents subject to a strict confidentiality agreement.

In the current motion, National Union seeks access to the Documents for use in a state-court coverage action pending in Colorado. Some court must determine whether the work product of the BLT should be protected in this new action and whether any of the information in the Documents is protected by the attorney-client privilege. This court determines that these questions are in substance questions concerning discovery in the Colorado action and should properly be left to the trial judge in that action.

Accordingly, the motion to unseal the Documents is denied. This court makes no determination as to whether the information contained in the Documents may properly be obtained through discovery in the Colorado action.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE NATIONAL UNION'S
MOTION TO UNSEAL DOCUMENTS**          -2-

Case: 01-32495   Doc# 4953   Filed: 11/14/08   Entered: 11/17/08 08:46:32   Page 2 of 3

**Court Service List**

Karen Rinehart, Esq.
Law Offices of O'Melveny and Myers
400 South Hope Street
Los Angeles, CA 90071-2899

Maxim B. Litvak, Esq.
Pachulski, Stang, Ziehl, Young & Jones
150 California Street, 15th Floor
San Francisco, CA 94111-4500

Richard W. Slack, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Kathy Quon Bryant, Esq.
Meyers Law Group, P.C.
44 Montgomery Street, Suite 1010
San Francisco, CA 94104

David A. Boyar, Esq.
D'Amato & Lynch, LLP
70 Pine Street
New York, NY 10270

Holly R. Shilliday, Esq.
Snell & Wilmer LLP
1200 17th Street, 19th Floor
Denver, CO 80202