# EXHIBIT 1

## SETTLEMENT AGREEMENT

O'Melveny & Myers LLP
ATTORNEYS AT LAW
LOS ANGELES

LA3:1162802.4

27

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AT HOME LIQUIDATING TRUST'S MOTION FOR ORDER APPROVING SETTLEMENT AND AGREEMENT AMENDMENT**

Case: 01-32495   Doc# 5156-1   Filed: 11/20/09   Entered: 11/20/09 19:44:21   Page 1 of 41

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is entered into as of November 20, 2009 by and among the At Home Liquidating Trust (the "AHLT"), the At Home Bondholders' Liquidating Trust (the "BHLT") and the At Home General Unsecured Creditors' Liquidating Trust and the Contested Claims Reserve (collectively, the "GUCLT") (each of the AHLT, BHLT and GUCLT, a "Party" and, collectively, the "Parties") with reference to the following:

## RECITALS

WHEREAS:

A. <u>The Debtors</u>. On September 28, 2001 (the "Petition Date") At Home Corporation ("At Home"), on its own behalf and on behalf of its affiliated debtors[1] (together with At Home, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), which cases are jointly administered under case number 01-32495 (collectively, the "Bankruptcy Cases"). On August 15, 2002, the Bankruptcy Court entered an order confirming the Debtors' Joint Chapter 11 Plan of Liquidation (the "Plan") Dated as of May 1, 2002, as Modified (the "Confirmation Order").[2] The Plan became effective on September 30, 2002 (the "Plan Effective Date"), pursuant to an

---

[1] Those affiliated debtor entities are: MatchLogic, Inc.; Classifieds 2000, Inc.; Excite@Home Work.com Holding Corporation; Join Systems, Inc.; Narrative Communications Corporation; iMall, Inc.; Netbot, Inc.; The McKinley Group, Inc.; Kendara, Inc.; Webshots Corporation; Worldprints.com International, Inc.; iMall Consulting, Inc.; iMall Services, Inc.; R&R Advertising Inc.; Cabot Richards & Reed; Internet Yellow Pages; Internet Merchandising, Inc.; Pure Payments, Inc.; Physicomp Corporation; Chautauqa Publishing Group, LLC; Full Force Systems, Inc.; Pogo Acquisition Corporation; At Home Holdings Corporation; MAC Corporation; At Home L.P.; AtHome.net; At Home Network, Inc.; DataInsight, Inc.; Excite@Home Canada, Inc. and Excite SARL.

[2] Terms used but not defined herein shall have the meaning given to such terms in the Confirmation Order.

order of the Bankruptcy Court entered October 22, 2002. On the Plan Effective Date, the AHLT, BHLT and GUCLT became the Debtors' successors for purposes of Bankruptcy Code sections 1123, 1129 and 1145. All property not distributed to the BHLT or the GUCLT pursuant to the Plan became the property of the AHLT, which is the Debtors' legal successor with respect to all such property. The Plan provides that the GUCLT and the BHLT are the sole beneficiaries of the AHLT.

    B. <u>The Bondholders' Committee and the BHLT</u>. Two official committees of unsecured creditors were appointed in the Bankruptcy Cases – the Official Committee of Unsecured Bondholders (the "Bondholders' Committee"), appointed on October 3, 2001, and the Official Committee of Unsecured Creditors (the "General Creditors' Committee" and together with the Bondholders' Committee, the "Committees"), appointed on October 9, 2001. The Bondholders' Committee represented the holders of the Convertible Subordinated Debentures (the "1998 Bonds") issued pursuant to that certain Indenture dated as of December 28, 1998 (the "1998 Indenture") between At Home and State Street Bank and Trust Company of California N.A., as indenture trustee (the "1998 Indenture Trustee"), and the holders of the Convertible Subordinated Notes (the "1999 Bonds" and, together with the 1998 Bonds, the "Bonds") issued pursuant to that certain Indenture dated as of December 1, 1999 (the "1999 Indenture" and, together with the 1998 Indenture, the "Bond Indentures") between At Home and State Street Bank and Trust Company of California N.A., as indenture trustee (the "1999 Indenture Trustee" and, together with the 1998 Indenture Trustee, the "Indenture Trustees") (such holders, collectively, the "Bondholders"). On the Plan Effective Date, the BHLT became the successor in interest to the Bondholders' Committee, and all right, title and interest of the Debtors and the

SF1:763182
Case: 01-32495 Doc# 5156-1 Filed: 11/20/09 Entered: 11/20/09 19:44:21 Page 3 of 41

Estates to the Controlling Shareholders' Related Litigation was assigned and transferred to the BHLT and/or the BHLT Trustee as trustee under the Bondholders' Liquidating Trust.

C. <u>The General Unsecured Creditors' Committee and the GUCLT</u>. The General Unsecured Creditors' Committee represented unsecured creditors in the Bankruptcy Cases other than those represented by the Bondholders' Committee. On the Plan Effective Date, the GUCLT became the successor in interest to the General Unsecured Creditors' Committee, and all right, title and interest of the Debtors and the Estates to the Estate Litigation was assigned and transferred to the GUCLT and/or the GUCLT Trustee as trustee under the At Home General Unsecured Creditors' Liquidating Trust.

D. <u>The Trusts</u>. The Plan provided that each of the AHLT, BHLT and GUCLT had an initial term of five years from the Plan Effective Date. On June 18, 2007, the Bankruptcy Court entered an order extending the term of the AHLT for two years, through September 30, 2009, and on August 27, 2009, the Bankruptcy Court entered an order further extending the term of the AHLT for another year through September 30, 2010. On May 30, 2007, the Bankruptcy Court entered an order extending the term of the BHLT for two years, through September 30, 2009, and on August 13, 2009, the Bankruptcy Court entered an order further extending the term of the BHLT for another year through September 30, 2010. On September 11, 2007, the Bankruptcy Court entered an order extending the term of the GUCLT for three years, through September 30, 2010.

E. <u>The Trustees</u>. On the Plan Effective Date, Jacquelyn Crawford was appointed as the Trustee of the AHLT and has continuously served as the Trustee of the AHLT since that date. As of the Plan Effective Date, Richard A. Williamson was appointed as the Trustee of the BHLT and has continuously served as the Trustee of the BHLT since that date.

3

SF1:763182

Case: 01-32495   Doc# 5156-1   Filed: 11/20/09   Entered: 11/20/09 19:44:21   Page 4 of 41

On the Plan Effective Date, Frank Morrow was appointed as the Trustee of the GUCLT and served as the Trustee until April 14, 2005, at which time Hank Spacone was appointed as successor Trustee of the GUCLT. He has continuously served as the Trustee of the GUCLT since that date.

F.  <u>The Issues</u>.  Differences arose between the Parties with respect to the allocation of assets among the creditor trusts and certain other issues pertaining to the relationship between the BHLT and GUCLT and the winddown of the Estates.

G.  <u>The Mediation</u>.  On May 9, 2008, the Parties to this Settlement Agreement gathered to mediate the above issues, including the disposition of the Intellectual Property (as hereinafter defined) and other matters pertaining to the winddown of the Estates, under the auspices of the Honorable Randall J. Newsome, United States Bankruptcy Judge.  The mediation resulted in an agreement among the Parties.  Subsequent to the mediation, the Parties continued to work to resolve certain differences that had not been raised during the mediation and reached a revised settlement set forth in a Memorandum of Understanding dated October 7, 2009 (as agreed in the Memorandum of Understanding and supplemented by this Settlement Agreement, the "Settlement"), as set forth herein.

H.  <u>Intent of the Parties</u>.  The Settlement is intended to fully and finally resolve all issues between and among the AHLT, BHLT, and GUCLT so that further contact between the BHLT and GUCLT after the Closing Date (as hereinafter defined) will be minimized and to fully unify in the BHLT the interests in all proprietary rights under applicable intellectual property laws, including specifically (i) patent law, (ii) copyright law, (iii) trademark law, (iv) design patent or industrial design law, (v) semiconductor chip or maskwork law, (vi) all registrations and filings under the aforementioned laws, including but not limited to patents and

4

patent applications, copyright registrations, trademark registrations, industrial design registrations, and integrated circuit topography registrations, or (vii) any other statutory or common law principle which may provide a right in either ideas, formulae, algorithms, concepts, inventions or know-how generally including trade secret law or the expression of such ideas, formulae, algorithms, concepts, inventions, or know-how (collectively, "Intellectual Property") held by the Debtors and their successors in interest, so that the holder of the Intellectual Property may achieve standing to prosecute and may fully litigate, assign, license, dispose of, compromise, settle, abandon, dismiss and liquidate all such Intellectual Property rights, consistent with the purposes for which the Parties were formed.

I.       Additional Intent of the GUCLT.  As part of the Settlement, the GUCLT has determined that it wishes to make unnecessary any further interaction between the BHLT and its counsel, on the one hand, and the GUCLT and its counsel, on the other hand.  This Settlement Agreement has been constructed to eliminate to the maximum extent practicable the need for further dealings between and among such Parties.  The GUCLT intends to have distributed its assets and completed its administration by December 31, 2009.

J.       Community of Interest.  Since the Plan Effective Date, the BHLT, AHLT and GUCLT, as representatives of the At Home estate, have maintained an ongoing common interest with respect to the enforcement and prosecution of Intellectual Property rights (including all actual and prospective litigation regarding the Intellectual Property) and maximizing the value of the Intellectual Property.  The Parties hereby acknowledge that they share such a common interest and that any information shared in the past or to be shared in the future concerning At Home's Intellectual Property has been done in furtherance of this common interest.

SF1:763182
Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 6
of 41

## AGREEMENT

NOW, THEREFORE, based on the mutual promises contained in the Settlement and set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1.  Recitals Acknowledged.  Each Party acknowledges that the foregoing recitals are true and correct with respect to matters concerning its respective trust, but not with respect to the other Parties, are hereby adopted, incorporated herein by reference and are made a part of the Parties' agreement.

2.  GUCLT Transferred Assets.

(a)  On the Closing Date (as hereinafter defined) and subject to Paragraph 25 hereof, the GUCLT will sell, assign, transfer, convey and deliver to the BHLT, and the BHLT will purchase, acquire and accept from the GUCLT, all right, title and interest of the GUCLT (subject to the provisions hereof) in and to the assets of and/or held by or in the GUCLT, including (i) the Intellectual Property, including but not limited to all right, title and interest in and to all causes of action and enforcement rights, whether or not currently pending or filed, for the Intellectual Property and all inventions described or claimed therein, and including but not limited to all rights to pursue and retain damages, injunctive relief, and other remedies for past, current and future infringement of the Intellectual Property, (ii) all Estate Litigation, (iii) the 5% interest in the gross proceeds paid by the insurance carriers from the D&O Policies in connection with the Controlling Shareholders Related Litigation, and (iv) the assets of, beneficial interests in and claims against the AHLT and any and all distributions from the AHLT, including the GUCLT's interest in the Net Insurance Retention Recovery Amount (as hereinafter defined and, together with all other assets of and/or held by the GUCLT, including the Intellectual Property

6

SF1:763182

and the Estate Litigation, the "GUCLT Transferred Assets"), other than the GUCLT Retained Assets (as hereinafter defined).

(b)     The Parties acknowledge that (i) the GUCLT has settled numerous claims and litigation matters since the Plan Effective Date, (ii) many of those settlements contained releases, (iii) the GUCLT, the GUCLT Trustee and Shaw Cablesystems G.P. ("Shaw") entered into that certain Settlement Agreement and Release dated April 8, 2003 (the "2003 Shaw Agreement"), pursuant to which the GUCLT purported to grant Shaw a number of rights, (iv) the trustees of the AHLT, BHLT and GUCLT entered into that certain Patent License Agreement dated as of February 16, 2005 with TruEffect, LLC (the "MatchLogic License Agreement"), pursuant to which TruEffect, LLC was granted a non-exclusive license to the MatchLogic Patents (as such term is used in the MatchLogic License Agreement) and (v) the AHLT has also settled numerous claims.  The Parties' acknowledgement of such releases and other rights shall not constitute consent by the BHLT to such releases and other rights, and the BHLT reserves all of its rights against the third parties to such releases and agreements with regard to the effect of such releases and agreements.  With respect to the 2003 Shaw Agreement, the BHLT expressly does not assume the obligations of the GUCLT under the 2003 Shaw Agreement.  The amendment to the 2003 Shaw Agreement executed by the Parties and Shaw dated November 9, 2009 (the "Shaw Amendment") exclusively shall govern the rights of Shaw and the Parties regarding the matters set forth therein and herein.

(c)     Other than as specifically set forth in the 2003 Shaw Agreement, as amended by the Shaw Amendment, and on Exhibit D hereto, the GUCLT represents that it has not transferred or otherwise encumbered any interest in whole or in part in any of the rights and claims that are the subject of this Settlement Agreement, and the GUCLT hereby covenants that

SF1:763182

it will not further transfer or otherwise encumber any such interest, in whole or in part, prior to the transfer of the GUCLT Transferred Assets to the BHLT on the Closing Date. Other than as set forth in this Agreement, the GUCLT makes no representation or warranty, express or implied, to the BHLT or the AHLT as to (i) the value, condition, legality or usability of the GUCLT Transferred Assets and (ii) the effect of the transfer of such assets pursuant to this Agreement or the Settlement Order.

        3.   <u>GUCLT Retained Assets</u>. On and after the Closing Date and subject to Paragraph 25 hereof, the GUCLT will retain the following assets (the "GUCLT Retained Assets"), which shall be treated by the GUCLT consistently with the GUCLT Liquidating Trust Agreement and the GUCLT Contested Claims Reserve Agreement: (a) the existing cash balance in the GUCLT's trust account (exclusive of (i) the BHLT Settlement Payment (as hereinafter defined) and (ii) restricted cash in the amount of $250,000 for insurance retentions) (the "GUCLT Retained Cash"), (b) the BHLT Settlement Payment, (c) other miscellaneous assets of the GUCLT, including tax refunds, vouchers and claims filed in other bankruptcy cases, and expressly excluding all right, title and interest in and to the Intellectual Property, (d) business records not reasonably related to the GUCLT Transferred Assets, (e) incidental business equipment, (f) contracts related to the administration of the GUCLT not otherwise reasonably related to the GUCLT Transferred Assets, provided that all deposits, retainers, advance payments and other funds held on account of such contracts (other than the advance premium paid for Directors' and Officers' insurance by the GUCLT) shall be included in the GUCLT Retained Assets Schedule (as hereinafter defined) to the extent that such funds are being retained by the GUCLT as GUCLT Retained Assets and included in the GUCLT Transferred Assets Schedule (as hereinafter defined) to the extent that such funds are not included in the GUCLT Retained

8

Assets[3] and (g) other items of de minimis value unrelated to the GUCLT Transferred Assets that are reasonably necessary for the GUCLT's administration and/or closure.

4.      AHLT Transferred Assets.  On the Closing Date and subject to Paragraph 25 hereof, the AHLT will sell, assign, transfer, convey and deliver to the BHLT, and the BHLT will purchase, acquire and accept from the AHLT, all right, title and interest of the AHLT in the Intellectual Property including but not limited to all right, title and interest in and to all causes of action and enforcement rights, whether or not currently pending or filed, for the Intellectual Property and all inventions described or claimed therein, and including but not limited to all rights to pursue and retain damages, injunctive relief, and other remedies for past, current and future infringement of the Intellectual Property (the "AHLT Transferred Assets").

5.      Net Insurance Retention Recovery Amount.  On and after the Closing Date and subject to Paragraph 25 hereof, as set forth in Paragraph 3 hereof, the GUCLT shall relinquish any interest it may have in the Genesis Litigation (as hereinafter defined) and the net amount (if any) released to the AHLT by final order of the Bankruptcy Court or the District Court or agreement of the parties to the Genesis Litigation, as applicable, from any recovery (the "Net Insurance Retention Recovery Amount") arising from the retention fund established by the AHLT (the "Retention Fund") under a claims made directors and officers liability insurance policy issued by Genesis Insurance Company.  The right to and disposition of the Retention Fund is presently the subject of an appeal pending before the United States District Court (the "Genesis Litigation").  The GUCLT shall have no control over or involvement in the recovery (if

---

[3] Any such deposits, retainers, advance payments and other funds held on account of contracts related to the administration of the GUCLT (other than the premium paid for Directors' and Officers' insurance) that are being retained by the GUCLT shall be included for purposes of calculating the total amount of the GUCLT Retained Assets, which total amount shall not exceed $1,400,000 Dollars.

9

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 10 of 41

any) of the Retention Fund. The AHLT shall pay to the BHLT, in cash within ten (10) business days following the release of such funds pursuant to a final order of the Bankruptcy Court or the District Court or agreement of the parties to the Genesis Litigation, as applicable, the Net Insurance Retention Recovery Amount and shall provide to the BHLT an accounting of the funds received and disbursed. The BHLT understands that the Net Insurance Retention Recovery Amount may be less than the full amount of the Retention Fund and agrees that the Net Insurance Retention Recovery Amount shall be only that amount that is actually released, less reasonable expenses incurred in obtaining its release.

6.      <u>Shaw Payment</u>. In furtherance of the Settlement, on the Closing Date and subject to Paragraph 25 hereof, the AHLT and the BHLT shall fund the GUCLT's obligation to make the Settlement Reimbursement Payment (as defined in the Shaw Amendment) to Shaw under the Shaw Amendment (the "Shaw Payment"). The BHLT shall not be responsible for any other payment to Shaw of any kind whatsoever on account or on behalf of the GUCLT other than the specific amount that the GUCLT agreed to pay Shaw in paragraph 1 of the Shaw Amendment.

7.      <u>BHLT Settlement Payment</u>. In furtherance of the Settlement, on the Closing Date and subject to Paragraph 25 hereof, the BHLT shall transfer to the GUCLT the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) in cash (the "BHLT Settlement Payment" and together with the Shaw Payment, the "Settlement Payments"). The GUCLT represents and warrants that the BHLT Settlement Payment together with the GUCLT Retained Cash will be used for and are necessary to the orderly wind down of the operations of the GUCLT.

SF1:763182

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 11 of 41

8.  <u>Allocation of Settlement Payments</u>.  The AHLT Trustee and BHLT Trustee may jointly agree to modify the proportionate amount of assets to be transferred as the Shaw Payment and BHLT Settlement Payment; <u>provided</u> that the aggregate amount of the Settlement Payments that will be transferred to the GUCLT on the Closing Date shall be no less than the aggregate amounts set forth in Paragraphs 6 and 7 above.  The allocation of the Settlement Payments as between the BHLT and AHLT is solely a matter between the BHLT and AHLT.

9.  <u>Sale Free and Clear of Liens, Claims, Interests and Other Encumbrances</u>. On the Closing Date and subject to Paragraph 25 hereof, the GUCLT Transferred Assets and the AHLT Transferred Assets shall be transferred to the BHLT pursuant to section 363 of the Bankruptcy Code free of all liens (including charging liens), encumbrances, pledges, mortgages, deeds of trust, interests, claims, leases, charges, options, rights of first refusal, easements, servitudes, proxies, voting trusts or agreements, transfer restrictions under any shareholder or similar agreement or encumbrance and all litigation pertaining thereto (each of the foregoing, collectively, "Liens, Claims and Interests") as to all parties provided notice of the 9019 Motion (as hereinafter defined), and the BHLT shall not be subject to any transferee, successor or derivative liability (including under any bulk sales provisions) or otherwise be responsible for taxes or other obligations of the GUCLT or AHLT with respect to the Intellectual Property.

10.  <u>Unification of Intellectual Property Rights</u>.  On the Closing Date and subject to Paragraph 25 hereof, all right, title and interest in and to the Intellectual Property held by the Debtors and their successors in interest (whether the AHLT, BHLT or GUCLT) shall be vested in the BHLT and all such rights of any kind whatsoever shall therefore be unified in a

11

single trust so as to cause the BHLT to have standing to fully litigate, license, dispose of, sell, compromise, settle, abandon, dismiss and/or liquidate all such Intellectual Property rights.

11.    Amendment of Trust Agreements.   On the Closing Date and subject to Paragraph 25 hereof, the AHLT Trust Agreement, the BHLT Trust Agreement, the GUCLT Trust Agreement, the Contested Claims Reserve Agreement and the Plan (as applicable) shall be deemed amended so that (a) the Intellectual Property rights belong to and are unified in the BHLT; (b) the GUCLT will have no consent, oversight or other rights with respect to the AHLT; (c) the BHLT shall be the sole creditor beneficiary of the AHLT, and the BHLT Trustee shall be the sole Creditor Representative under the AHLT Trust Agreement; (d) the duties of the AHLT and the AHLT Trustee pursuant to the Plan, Confirmation Order, Committee Settlement Agreement and AHLT Trust Agreement, shall be solely to the BHLT and not to the GUCLT; (e) other than as set forth herein, the BHLT, GUCLT, BHLT Trustee and GUCLT Trustee each retain all right, title and interest in and to the assets that they received by transfer pursuant to the Plan and Confirmation Order; and (f) Article 7.H.13 of the Plan is amended in accordance with Exhibit A to this Settlement Agreement and Article 7.1 of the BHLT Trust Agreement is amended in accordance with Exhibit B to this Settlement Agreement.

12.    Trustee Succession.   On and after the Closing Date and subject to Paragraph 25 hereof, the AHLT Trustee may, in her sole and absolute discretion, transfer to the BHLT Trustee her rights, authority and responsibilities pursuant to this Settlement Agreement and, upon such transfer, the BHLT Trustee shall succeed to the rights, authority and obligations of and thereafter fulfill the duties of the AHLT Trustee as set forth herein.  Notwithstanding anything to the contrary herein, the AHLT Trustee may not transfer to the BHLT Trustee her

SF1:763182
Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 13 of 41

authority and responsibilities with respect to seeking a release from Genesis of the Retention Fund without the BHLT Trustee's consent.

13. <u>Tax Treatment</u>.

(a) For all federal income tax purposes, the Parties agree to treat the transactions described in this Settlement Agreement as occurring in the manner set forth in this Paragraph 13, and to file consistent therewith (to the extent applicable) for state and local income tax purposes.

(i) Consistent with AHLT's status as a liquidating trust for federal income tax purposes, each of the GUCLT and BHLT initially will be treated as the direct owners of 120/269ths and 149/269ths, respectively, of each of the assets of the AHLT (including rights to the Retention Fund).

(ii) Accordingly, the GUCLT will be treated as selling to the BHLT (a) the GUCLT Transferred Assets, including its proportionate interest in all of the assets of the AHLT, in exchange for (b) the BHLT Settlement Payment and the Shaw Payment.

(b) The Parties agree that, for federal and applicable state and local income tax purposes, the agreed tax treatment, including the foregoing deemed transactions, fairly reflects the economic substance of the transactions contemplated by the Settlement Agreement, and that the Settlement Agreement appropriately effects such transactions. Accordingly, while this Paragraph 13 prescribes the federal, state and local income tax treatment of the transactions contemplated by this Settlement Agreement, it shall not affect the actual implementation of such transactions by the Parties, and no Party shall be obligated to modify its trust in a way that would create adverse consequences (tax or otherwise) for itself or its constituents. Each of the AHLT, GUCLT and BHLT shall be responsible for reporting any federal, state and local income tax consequences to their respective beneficiaries as such trusts may determine is required.

13

14.  Survival of Confidentiality and Non-Disclosure Agreements.  The Joint Defense and Confidentiality Agreement, dated as of January 31, 2008, shall remain in full force and effect, notwithstanding (a) any expiration periods stated therein; (b) the transfer of assets to the BHLT pursuant to this Settlement Agreement; and (c) the termination of the GUCLT's rights as a Creditor Representative and creditor beneficiary under the AHLT Trust Agreement.  The GUCLT expressly reserves and does not waive any of its professional client privileges.  On the Closing Date, the AHLT and BHLT shall succeed the GUCLT with respect to the professional-client privileges, including but not limited to attorney-client, work-product and all other applicable privileges of the Debtors and the GUCLT with respect to the GUCLT Transferred Assets.  The GUCLT will cause the AHLT and the BHLT to be notified at least 10 business days prior to the time the GUCLT will cease to exist.  The GUCLT agrees to preserve all of the attorney-client communications in its control concerning the Intellectual Property as well as any other IP work product and to instruct and authorize its counsel to do the same.

15.  Transfer of IP Work Product.  Within thirty (30) days after the Closing Date, the GUCLT shall turn over to the BHLT, and the GUCLT Trustee shall instruct and authorize each of the GUCLT's counsel, representatives, agents and all other persons retained by or otherwise acting for or on behalf of the GUCLT (collectively, the "GUCLT Professionals") to turn over to the GUCLT Trustee all attorney/client communications and work product (collectively, the "IP Work Product") pertaining to the Intellectual Property (at no expense to any of the Parties) and the GUCLT shall provide such IP Work Product in its possession, custody or control, and instruct and authorize the GUCLT Professionals to provide all such IP Work Product, to the BHLT Trustee so that the BHLT Trustee receives the IP Work Product within thirty (30) days after the Closing Date.  The GUCLT represents that, to the best of its knowledge

14

following a diligent search, the orders set forth on Exhibit C hereto (such orders, collectively, the "GUCLT Protective Orders") are the only orders that may limit or prohibit disclosure or production of IP Work Product. The Parties agree that the GUCLT shall comply with the terms of GUCLT Protective Orders. If, after the date hereof, the GUCLT discovers any other orders that affect the GUCLT's ability to share IP Work Product with the BHLT, the GUCLT shall immediately provide a copy of each such additional protective order to the BHLT and identify in a detailed log format, all IP Work Product that would be provided to the BHLT pursuant to this Agreement absent such additional protective order. Thereafter, the Parties shall meet and confer in good faith to attempt to eliminate any and all restrictions that would limit the provision of IP Work Product to the BHLT. The Parties agree that all transferred IP Work Product is and shall remain subject to that certain Joint Defense and Confidentiality Agreement, dated as of January 31, 2008. For purposes of this Agreement, "work product" means all documents and tangible things prepared or collected by the GUCLT or its representatives, attorneys, consultants or experts relating to the Intellectual Property, including writings, notes, memoranda, correspondence, briefs, reports on conversations with or interviews of clients or witnesses, products of any investigations, research and confidential materials that reflect counsel's impressions, conclusions, opinions, strategy, legal research or theories regarding the Intellectual Property or enforcement or prosecution of Intellectual Property rights.

16. <u>GUCLT's Representations Regarding Transferred Assets</u>. Other than the matters set forth on Exhibit D hereto, documents to which the BHLT is party (i.e., the Plan) or as otherwise set forth in this Agreement, the GUCLT represents and warrants that: (a) the GUCLT has not sold, leased, licensed or otherwise transferred or encumbered any of the Intellectual Property or any rights in the Intellectual Property; (b) the GUCLT is not a party to any

15

agreements, and has not made any affirmative or negative covenants in favor of any third party, concerning the sale, lease, license or other transfer or encumbrance of any of the Intellectual Property or any rights in the Intellectual Property; and (c) the GUCLT is not aware of any contract, agreement, sale, transfer, encumbrance or other matter that might otherwise restrict, limit or affect (i) the GUCLT's ability to transfer the Intellectual Property as contemplated in this Settlement Agreement or (ii) the ability of the BHLT on and after the Closing Date, to unify the all Intellectual Property so as to cause the BHLT to have standing to fully litigate, license, dispose of, sell, compromise, settle, abandon, dismiss and/or liquidate all Intellectual Property and all rights associated with the Intellectual Property. Other than the foregoing representations and warranties (and the other representations and warranties expressly set forth in this Settlement Agreement), the GUCLT does not make any representation or warranty concerning the value, condition, legality or usability of the GUCLT Transferred Assets or the effect of the transfer of such assets pursuant to this Agreement or the Settlement Order.

17. <u>Further Assurances</u>. The Parties shall work cooperatively with respect to the matters pertaining to this Settlement Agreement and shall take such other and further reasonable action, including signing documents reasonably requested by the other Party, to effect the purpose and intent of the Settlement and this Settlement Agreement.

18. <u>Releases</u>. Upon the Closing Date and subject to Paragraph 25 hereof, each of the AHLT, BHLT, GUCLT and their respective Trustees hereby release the other Parties, their respective predecessors in interest, successors, trustees, shareholders, members, directors, officers, affiliates, employees, agents, attorneys, advisors, consultants, professionals, designees (including any professionals retained by such persons) and assigns, in their capacities as such, of any and all obligations, claims, defenses, rights, causes of action, choses in action and demands

16

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 17 of 41

of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, asserted or unasserted, relating in any way whatsoever to the Bankruptcy Cases, including those arising on or after the Plan Effective Date, and/or relating in any way whatsoever to the AHLT, BHLT and/or GUCLT including the operation thereof, except that (i) the obligations arising out of this Settlement Agreement are not released; (ii) the BHLT does not release or waive any rights to further General Unsecured Creditors' Contribution, as such term is used in the Plan; and (iii) the BHLT does release or waive any right to proceeds or assets if the beneficiaries of the GUCLT obtain a full recovery of their Allowed Claims (as that term is defined in the Plan). The Parties agree not to voluntarily cooperate or actively collaborate in any litigation against any other Party or its professionals absent direction or compulsion by the Bankruptcy Court or as otherwise required by law (although nothing herein prevents a Party from commenting upon or correcting matters concerning such Party in any such litigation).

19. <u>Waiver of Statutory Rights</u>.

(a) In connection with the releases granted herein, each of the Parties to this Settlement Agreement hereby waives all rights conferred by the provisions of California Civil Code Section 1542 and/or any similar state or federal law. California Civil Code § 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

(b) The Parties hereto understand and acknowledge the significance and consequence of their waiver of § 1542 of the California Civil Code, as well as any other federal or state statute or common law principle of similar effect, and acknowledge that this waiver is a

SF1:763182

material inducement to and consideration for each Party's execution of this Settlement Agreement. Notwithstanding the foregoing waiver, it is explicitly agreed and understood that the Parties are not releasing, acquitting, discharging or waiving any of their rights specifically provided for in this Settlement Agreement, and that nothing herein shall affect the releases effected in the Senior Claimant Settlement Agreement, the Committee Settlement Agreement, the Plan or the Confirmation Order.

20.     Availability of Counsel.    Each Party to this Settlement Agreement acknowledges that he, she or it has been advised by legal counsel, or has had the opportunity to engage legal counsel of his or her choice, regarding the meaning and consequences of this Settlement Agreement, including the Paragraph above entitled "Waiver of Statutory Rights."

21.     Representations, Acknowledgements and Declarations.    Each Party to this Settlement Agreement represents and acknowledges that, in executing this Settlement Agreement, he, she or it does not rely and has not relied on any representation or statement made by any other Party or any of their agents, advisors, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

22.     Authority to Execute.    Each person who signs this Settlement Agreement represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind the Party to the terms of this Settlement Agreement.

SF1:763182

23.   Transfer of Interests.  Except as otherwise provided herein, each person who signs this Settlement Agreement represents and warrants that the Party on behalf of whom he or she is signing owns and has not assigned or otherwise transferred or purported to transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Settlement Agreement to any other person or entity.  For the avoidance of doubt, these rights and claims with respect to the GUCLT are the GUCLT Transferred Assets.

24.   No Admission of Liability.  The Parties acknowledge that this Settlement Agreement represents a compromise of disputed claims and that neither the payment of the sale consideration, nor anything contained in this Settlement Agreement, shall be construed as an admission by any Party to this Settlement Agreement of any liability of any kind on behalf of such Party to this Settlement Agreement or any other Party to this Settlement Agreement.

25.   Conditions to Closing Date.  The obligations of the Parties hereunder are subject to the prior satisfaction of the following conditions unless waived by written consent of each of the Parties as to conditions (a), (b), (c)(ii), (c)(vii), (h) and (i) and by the BHLT with respect to the remaining conditions:

(a)      The Parties shall have jointly filed a motion for approval of this Settlement Agreement in accordance with Bankruptcy Code Section 363 and Bankruptcy Rule 9019 (the "9019 Motion").

(b)      The Bankruptcy Court shall have held a hearing on the 9019 Motion.

(c)      The Bankruptcy Court shall have entered an order, which shall be unstayed (the "Settlement Order"), approving this Settlement Agreement and containing the following terms:

(i)      Pursuant to section 363 of the Bankruptcy Code, the transfer of the GUCLT Transferred Assets and the AHLT Transferred Assets

19

pursuant to the Settlement Agreement shall each be a sale free and clear of all Liens, Claims and Interests.

(ii)     The Settlement Agreement was negotiated, proposed, and entered into by the parties thereto without collusion, in good faith, and from arm's-length bargaining positions, and the BHLT and the BHLT Trustee are purchasers in "good faith" within the meaning of section 363(m) of the Bankruptcy Code.

(iii)    Article 7.H.13 of the Plan is hereby deemed amended as set forth in Exhibit A to the Settlement Agreement.

(iv)    Article 7.1 of the BHLT Trust Agreement is hereby deemed amended as set forth in Exhibit B to the Settlement Agreement.

(v)     The BHLT shall not be liable in any way (as successor entity or otherwise) for any claims that any of third party may have against the AHLT or the GUCLT or otherwise be responsible for taxes or other obligations of the GUCLT or the AHLT with respect to the GUCLT Transferred Assets or the AHLT Transferred Assets.

(vi)    The transfer of the GUCLT Transferred Assets and the AHLT Transferred Assets to the BHLT shall vest the BHLT with all the right, title and interest of the Debtors and their successors in interest (whether the AHLT, the BHLT, or the GUCLT) to the GUCLT Transferred Assets and the AHLT Transferred Assets free and clear of all Liens, Claims and Interests.

(vii)   With respect to any Liens, Claims and Interests asserted by Shaw relating to the GUCLT Transferred Assets pursuant to the 2003 Shaw Agreement, the sole form of adequate protection granted to Shaw shall be pursuant to the Shaw Amendment.  Shaw shall have no other rights or claims against the BHLT, the AHLT or the GUCLT.

(d)     At least five business days before the Closing Date, the GUCLT shall have provided to the AHLT and the BHLT a schedule of the GUCLT Transferred Assets, such schedule to contain all assets with an identifiable value (other than intangible litigation rights) for all assets other than the GUCLT Retained Assets (as hereinafter defined) (the "GUCLT Transferred Assets Schedule").

(e)     At least five business days before the Closing Date, the GUCLT shall have provided to the AHLT and BHLT a schedule of the GUCLT Retained Assets, such schedule to

SF1:763182
Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 21 of 41

contain all assets with an identifiable value that the GUCLT is retaining (the "GUCLT Retained Assets Schedule"), provided that the GUCLT Transferred Assets will be all GUCLT assets other than GUCLT Retained Assets (as hereinafter defined) regardless of whether those assets appear on the GUCLT Retained Assets Schedule.

(f)     The GUCLT shall have provided to the AHLT and the BHLT a schedule containing true and correct information to the best of the GUCLT's knowledge of all parties that may assert a lien, encumbrance or interest in or on the GUCLT Transferred Assets.

(g)     The GUCLT, the BHLT, Shaw and the AHLT shall have entered into the Shaw Amendment, which shall become effective concurrently with the effectiveness of this Settlement Agreement.

(h)     The AHLT shall have prepared and delivered to the other Parties for execution at least five business days before the Closing Date, and the Parties shall have executed and delivered to the BHLT, such assignments, instruments, waivers, quitclaims and other documents as may be necessary to effect the transfer of the Intellectual Property, as set forth in paragraphs 2(a), 4, 9 and 10 herein, to the BHLT.

(i)     The Closing Date shall have occurred no later than January 31, 2010.

26.     <u>Effectiveness and Closing Date</u>.

(a)     The date on which all of the conditions set forth in Paragraph 25 hereof shall have been satisfied or waived by the applicable Parties shall be the "Closing Date" of this Settlement Agreement.  On and after the Closing Date, (i) the BHLT, on the one hand, and the GUCLT, on the other hand, and (ii) the AHLT, on the one hand, and the GUCLT, on the other hand, will have no further rights or obligations of any kind to one another, except for those rights and obligations arising out of this Settlement Agreement or otherwise expressly preserved

SF1:763182

Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 22 of 41

herein.  On the Closing Date, the AHLT and the BHLT shall be deemed to have withdrawn their objections to the closing of the GUCLT.

(b)    If the conditions set forth in Paragraph 25 hereof are not satisfied or waived by the applicable Parties on or prior to January 31, 2010, this Settlement Agreement shall be null and void and neither the terms nor statements contained in this Settlement Agreement, any motion or motions filed seeking an order of the Bankruptcy Court approving this Settlement Agreement, nor correspondence related to the negotiation, drafting or approval of this Settlement Agreement, shall be argued nor deemed to be an admission against any Party's interest in any contested matter or litigation by and between the Parties, or any of them.  For the avoidance of doubt, this shall include any information divulged to a Party pursuant to this Settlement Agreement, including any settlement agreements or other agreements provided by the GUCLT to the BHLT, which shall also be kept confidential pursuant to the terms of any applicable confidentiality or non-disclosure agreement.

27.    <u>Successor and Assigns</u>.  This Settlement Agreement shall be binding upon the Parties and their successors in interest and assigns, including any successor trustee appointed in the Debtors' bankruptcy cases on behalf of the AHLT, BHLT, GUCLT or otherwise, or in any chapter 7 cases to which the Debtors' bankruptcy cases may be converted.

28.    <u>Governing Law and Enforcement Provisions</u>.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction.  By its execution and delivery of this Settlement, each of the Parties hereto (and excluding the law firm signatories) hereby irrevocably and unconditionally agrees for itself that any legal action, suit or proceeding against it with respect to any matter

22

SF1:763182

under or arising out of or in connection with this Settlement Agreement or for recognition or enforcement of any judgment rendered in any such action, suit or proceeding, may and shall be brought solely and exclusively before the Bankruptcy Court, or before such successor court as may gain jurisdiction over the Bankruptcy Cases.

29.    <u>Specific Performance</u>.  It is understood and agreed by each of the Parties that money damages would not be a sufficient remedy for any breach of this Settlement Agreement by any Party and each non-breaching Party hereto shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach.

30.    <u>Supersedes Prior Agreements</u>.  This Settlement Agreement forms the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous written and oral agreements, discussions and representations (except as expressly set forth herein and with respect to any releases granted in any previous agreement). This Settlement Agreement may not be modified, amended or supplemented without the prior written consent of each of the Parties and by Order of the Bankruptcy Court.  This Settlement shall be binding upon and inure to the benefit of the respective predecessors in interest, successors, trustees, shareholders, directors, officers, affiliates, employees, agents, attorneys, advisors, consultants, professionals, designees (including any professionals retained by such persons) and assigns of the Parties hereto, to the extent permitted by law.  The terms of this Settlement Agreement are contractual and not mere recitals.

31.    <u>Interpretation</u>.  Whenever the context so requires in this Settlement Agreement, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include any other genders, the words "includes", "including" and similar terms shall be construed as if followed by the words "without

SF1:763182

limitation", the words "hereof", "herein" and "hereunder" and other words of a similar import refer to this Settlement Agreement as a whole and not to the individual sections in which such terms are used, and the word "person" shall be construed to include a natural person, a corporation, a firm, a partnership, a joint venture, a trust, an estate or any other entity.

32. <u>Drafting Ambiguities</u>.  The Parties agree that each Party and its counsel have reviewed this Settlement Agreement, and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement.  The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.  The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement or in any addenda, amendments or exhibits to this Settlement Agreement.

33. <u>Agreement Not Severable</u>.  Subject to Paragraph 25 hereof, each provision of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.  Every provision of this Settlement Agreement is critical to the agreement of the Parties. Should any provision of this Settlement Agreement be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the Parties may elect (but are not required) to amend this Settlement Agreement through mediation before a mediator agreed to by the Parties or appointed by the Court, to address and rectify such illegal, invalid or unenforceable provisions.  On the Closing Date, the Parties shall consummate this Settlement Agreement and such actions shall become irrevocable.

SF1:763182

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 25 of 41

34.  Headings.  The headings of the Paragraphs of this Settlement Agreement have been included only for convenience, and shall not be deemed in any manner to modify or limit any of the provisions of this Settlement Agreement, or be used in any manner in the interpretation of this Settlement Agreement.

35.  Counterparts.  This Settlement Agreement may be executed in counterparts and copies and/or facsimile or e-mail transmittal signature pages may be used instead of originals.  The executed counterparts shall be construed as and constitute one and the same instrument that will be binding on the Parties hereto.

36.  Attorneys' Fees.  Each Party shall bear its, his or her own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with their underlying disputes and this Settlement Agreement.

37.  Notices.  All notices, requests, consents or other communications permitted or required under this Settlement Agreement shall be in writing and shall be deemed to have been given when personally delivered, or when sent if sent via facsimile (with receipt confirmed), or on the first business day after sent by reputable overnight carrier, or on the third business day after sent by registered or certified first class mail (with receipt confirmed), to the Parties at the addresses set forth below (or at such other address as the intended recipient shall have specified in a written notice given to the other Parties):

| | |
|---|---|
| To the AHLT: | Jacquelyn Crawford, Trustee<br>At Home Liquidating Trust<br>900 East Hamilton Avenue, Ste. 100<br>Campbell, CA 95008 |
| With a copy to: | O'Melveny & Myers, LLP<br>2 Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Attention:  Suzanne Uhland, Esq.<br>Fax:  (415) 984-8701 |

SF1:763182

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 26 of 41

| | |
|---|---|
| With a copy to: | O'Melveny & Myers, LLP<br>400 S. Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>Attention:  Karen Rinehart, Esq.<br>Fax:  (213) 430-6407 |
| With a copy to: | O'Melveny & Myers, LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Attention:  Brett Williamson, Esq.<br>Fax:  (949) 823-6994 |
| To the BHLT: | Richard A. Williamson, Esq.<br>Flemming Zulack Williamson Zauderer LLP<br>One Liberty Plaza<br>New York, NY 10006-1404<br>Fax: (212) 964-9200 |
| With a copy to: | Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY  10153-0119<br>Attention:  Joseph Allerhand, Esq.<br>                     Richard W. Slack, Esq.<br>Fax:  (212) 310-8007 |
| With a copy to: | Pachulski Stang Ziehl & Jones LLP<br>150 California Street, 15th Floor<br>San Francisco, CA  94111-4500<br>Attention:  Maxim B. Litvak, Esq.<br>Fax:  (415) 263-7010 |
| To the GUCLT: | Hank Spacone<br>700 University Avenue, Suite 100<br>Sacramento, CA 95825<br>                     or<br>P.O. Box 255808<br>Sacramento, CA 95865<br>Fax: (916) 482-2860 |
| With a copy to: | The McNutt Law Group LLP<br>188 The Embarcadero, Suite 800<br>San Francisco, CA  94105<br>Attention:  Scott H. McNutt, Esq.<br>                     Michael Sweet, Esq.<br>Fax:  (415) 995-8487 |

*[Remainder of page intentionally left blank]*

26

AGREED AS OF THE DATE FIRST WRITTEN ABOVE:

AHLT:                                    AT HOME LIQUIDATING TRUST

                                         By: _____
                                              Jacquelyn Crawford

                                         Its: _____Trustee_____

Approved as to form:                     O'MELVENY & MYERS LLP

                                         By: _____
                                              Suzzanne Uhland
                                              Brett Williamson
                                              Karen Rinehart
                                         Counsel to the At Home Liquidating Trust,
                                         successor in interest to the At Home
                                         Corporation, *et al.*, Debtors and debtors in
                                         possession

27

SF1 763182

AGREED AS OF THE DATE FIRST WRITTEN ABOVE:

GUCLT:                          AT HOME GENERAL UNSECURED
                                CREDITORS' LIQUIDATING TRUST

                                By: _____
                                       Hank M. Spacone

                                Its:   Trustee _____


Contested Claims Reserve:       CONTESTED CLAIMS RESERVE

                                By: _____
                                       Hank M. Spacone

                                Its:   Trustee _____


Approved as to form:            THE McNUTT LAW GROUP LLP

                                By: _____
                                       Scott H. McNutt
                                       Michael Sweet
                                Counsel to the At Home General Unsecured
                                Creditors' Liquidating Trust and the Contested
                                Claims Reserve

28

SFI:763182

AGREED AS OF THE DATE FIRST WRITTEN ABOVE:

BHLT:                              AT HOME BONDHOLDERS'
                                   LIQUIDATING TRUST

                                   By:_____
                                          Richard A. Williamson

                                   Its:____Trustee_____


0
Approved as to form:              PACHULSKI STANG ZIEHL & JONES LLP


                                   By:_____
                                          Maxim B. Litvak
                                   Counsel to At Home Bondholders' Liquidating
                                   Trust

Approved as to form:              WEIL, GOTSHAL & MANGES LLP


                                   By:_____
                                          Joseph S. Allerhand
                                          Richard W. Slack
                                   Counsel to At Home Bondholders' Liquidating
                                   Trust

SF1:763182

# EXHIBIT A

## Amendment of the Plan Pursuant to Paragraphs 11 and 25 of this Settlement Agreement

Article 7.H.13 of the Plan is amended to redesignate the current provision as subsection

(a) and to add subsection (b) to provide as follows:

"(b)  Effective for extensions of the term of the Bondholders' Liquidating Trust after _____, 2009, the term of the BHLT may be extended as follows, notwithstanding the term limitations in subsection (a) above: Further one-year extensions of the Bondholders' Liquidating Trust can be obtained so long as Court approval is obtained within six (6) months before the expiration of the term of the Bondholders' Liquidating Trust and each extended term, if the extension is necessary to facilitate or complete the liquidation of the Liquidating Trust Assets of the Bondholders' Liquidating Trust (including the assets obtained pursuant to that certain Settlement Agreement entered into on November 20, 2009.  The aggregate of all such further one-year extensions shall not exceed seven (7) years, unless the Court determines that extenuating circumstances, consistent with the purpose of the Bondholders' Liquidating Trust, necessitate a further extension."

SF1:763182

## EXHIBIT B

Amendment of the BHLT Trust Agreement Pursuant to Paragraphs 11 and 25 of this Settlement Agreement

      Article 7.1 of the BHLT Trust Agreement is amended to substitute the following for the first three sentences of that section:

> "The Bondholder's Liquidating Trust will terminate on the earlier of: (a) thirty (30) days after the distribution of the Trust Assets in accordance with the terms of this Trust Agreement and the Plan; and (b) in accord with prior Court extensions prior to the _____, 2009 amendment of this provision, the seventh (7th) anniversary of the Effective Date. Notwithstanding the foregoing, further one-year extensions can be obtained so long as Court approval is obtained within six (6) months before the expiration of the term of the Bondholders' Liquidating Trust and each extended term, if the extension is necessary to facilitate or complete the liquidation of the Liquidating Trust Assets. The aggregate of all such further one-year extensions shall not exceed seven (7) years, unless the Court determines that extenuating circumstances, consistent with the purpose of the Bondholders' Liquidating Trust, necessitate a further extension."

31

SF1:763182

**EXHIBIT C**

Stipulated Protective Order (Microsoft Corporation) [Filed 12/15/04]

Order Approving and Authorizing Settlement with CB Richard Ellis, Inc. Pursuant to 11 U.S.C. §105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure [Filed 07/07/03]

Order Approving Settlement of Claim (Harris Interactive, Inc.) [Filed 06/18/03]

Order Approving Settlement Agreement Determining Applicability of Automatic Stay (iMall) [Filed 01/23/04]

Stipulation and Order for Dismissal of Complaint and Counterclaim (Shaw Cablesystems G.P.) [Filed 04/08/03]

Order Approving Stipulation with Silicon Valley Bank and Permitting Release of Restricted Funds [03/21/03]

Stipulation for Dismissal (George Bell) [Filed 03/05/04]*

Stipulation with Expatriate Employee Jorge Perez De Leza [Filed 08/05/03]*

Entered Judgment (Ron Hill) [Filed 05/18/05]*

Stipulation and Order Settling Claims by and Against Debtor and Frank A. Morrow, in his Capacity as Trustee of the At Home General Unsecured Creditors Liquidating Trust (XO Communications) [Filed 03/11/05]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfers(s) (Accountants Plus) [Filed 07/25/03]*

Stipulation Allowing Late Filed Claim (Amazon Pixels) [Filed 04/24/03]*

Stipulation Allowing claim(s) (American Express Travel Related Claims) [Filed 05/12/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Aramark Refreshment Services) [Filed 10/23/03]*

Stipulation Allowing claim(s) (Ascendant Media, Inc.) [Filed 08/25/03]*

Stipulation Allowing claim(s) (Ascential Software Corp. formerly Ardent Software, Inc.) [Filed 05/01/03]*

---

*Stipulations submitted to Court – no Court "order" followed.

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 33 of 41

**EXHIBIT C**

Stipulation Allowing Claim(s) (ASM Capital, L.P., as Assignee of Cable & Wireless Internet Services, Inc.) [Filed 01/06/03]*

Stipulation Allowing Claim(s) (ASM Capital, L.P., as Assignee of Lens Express) [Filed 11/12/03]*

Stipulation Allowing Claim(s) (AutomallUSA.com, LLC dba Vehix.com) [Filed 11/12/03]*

Stipulation Allowing Claim(s) (Automotive Information Center) [Filed 01/06/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) [Filed 05/23/04]*

Stipulation Allowing General Unsecured Portion of Claim in Part (James Brelsford) [ Filed 07/28/04]*

Stipulation Allowing Claim (BTC Properties II, Ltd and 3160343 Canada, Inc.) [Filed 03/10/03]*

Joint Stipulation and Order of Dismissal (Cablevision) [Filed 12/16/04]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Canada Life Assurance Company) [Filed 03/31/04]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (CDW Computers, Inc.) [Filed 10/23/03]*

Stipulation Resolving Claim (Charter Communications) [Filed 03/21/03]*

Stipulation Allowing Claim(s) (Church Ranch Business Center II Building 4 LLC) [Filed 03/10/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Circa 65 Corporation) [Filed 07/01/03]*

Stipulation Allowing Claim(s) (Circuit City Stores, Inc.) [Filed 10/02/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Club One) [Filed 09/18/03]*

---

*Stipulations submitted to Court – no Court "order" followed.

**EXHIBIT C**

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Computer Air/Power Systems, Incorporated) [Filed 12/12/03]*

Stipulated Order on GUC Trustee's Motion for Summary Judgment (Corio, Inc.) [ Filed 08/11/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Daniel J. Edelman, Inc.) [Filed 10/23/03]*

Stipulation Allowing Claim (Dow Jones & Company, Inc.) [Filed 04/17/03]*

Order Approving Compromise of Controversy (Equinix) [Filed 03/21/03]*

Stipulation Allowing Claims(s) (Foundry Networks, Inc.) [Filed 02/03/03]*

Stipulation Allowing Claims(s) (EOP-Searise Office Tower, LLC) [Filed 03/05/03]*

Stipulation Allowing Claim (Adelphia Communications Corp. and Arahova Communications, Inc.) [Filed 02/09/05]*

Stipulation Setting Maximum Amount of Claims of Directors and Officers and Order Thereon [Filed 05/16/03]*

Stipulation Modifying Settlement Agreement and Mutual Release (Gazoontite) [filed 08/18/03]*

Stipulation Allowing Claims (GE IT Solutions, Inc.) [Filed 06/12/03]*

Stipulation Reducing and Allowing Claim and Withdrawing Motion for Allowance of Administrative Claim (General instrument Corp., Inc., dba The Broadband Communications Sector of Motorola, Inc.) [Filed 03/27/03]*

Stipulation Compromising Demand for Avoidance and Discovery of Allegedly Preferential Transfer(s) (Golden Triangle Construction, Inc.) [Filed 06/18/03]*

Stipulation Allowing Claim (Gomez Acebo Y Pombo Abogados SCP) [Filed 01/05/04]*

Stipulation Allowing Claim(s) (Guttenberg Rapson and Colvin, LLP) [Filed 11/24/03]*

Order Approving Settlement of Claim (Harris Interactive, Inc.) [Filed 06/18/03]

Stipulation Between AHLT and Patricia Hormel: Settlement of Dispute [Filed 07/28/03]*

---

*Stipulations submitted to Court – no Court "order" followed.

**EXHIBIT C**

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (HotJobs.com) [Filed 09/11/03]*

Stipulation Withdrawing and Expunging Claim (HotSocket, Inc. Liquidating Trust on behalf of HotSocket, Inc.) [Filed 06/03/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Idea Integration) [Filed 08/13/03]*

Stipulation Allowing Claim(s) (In2Change, Inc.) [Filed 07/03/03]*

Stipulation Compromising Demand for Avoidance and Recovery of Allegedly Preferential Transfer(s) (Johnson Controls, Inc.) [Filed 09/10/03]*

Stipulation Allowing Claim (Kadiri, Inc.) [Filed 04/14/03]*

Stipulation Allowing Claim(s) (Longacre Master Fund, LTD as Assignee of Enliven, Inc.) [Filed 12/17/02]*

Stipulation Allowing Claim(s) (Longacre Master Fund, LTD as Assignee of Exchange Applications, Inc.) [Filed 12/17/02]*

Stipulation Allowing Claim(s) (MatchNet PLC) [Filed 12/17/02]*

Stipulation Allowing Claim(s) (McCann-Erickson (Amsteryard)) [Filed 12/17/02]*

Notice of Settlement of Claims Between At Home Corporation and Debtor [Filed 01/29/04]*

Stipulation Allowing Claim (Media Station, Inc.) [Filed 04/02/04]*

Stipulation Allowing Claim(s) (Net Fund 1, Ltd.) [Filed 01/06/03]*

Stipulation Allowing Claim (Overstock.com) [Filed 07/02/03]*

Stipulation Reducing and Allowing Claim (Pacific Shores Development LLC) [Filed 04/03/03]*

Supplemental Order (i) Disallowing Certain Tax Claims and (ii) Reducing and Allowing Certain Tax Claims [Filed 04/25/03]

Stipulation Allowing Claim(s) (Pine Street Development) [Filed 01/06/03]*

Stipulation Allowing Claim(s) (RadioShack Corporation) [Filed 03/11/03]*

*Stipulations submitted to Court – no Court "order" followed.

Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 36 of 41

**EXHIBIT C**

Stipulation Between AHLT and Mary Angela Ramirez; Settlement of Dispute [Filed 07/28/03]*

Order re Motion for Summary Adjudication re Objection to Claim of Richard Rosenblatt and Anthony Mazzarella [Filed 10/09/03]*

Stipulation Reducing and Allowing Claim (Hal Rucker) [Filed 03/10/03]*

Stipulation Allowing Claim(s) (Siebel Systems, Inc.) [Filed 01/06/03]*

Stipulation Between AHLT and Phillip Seigenfeld; Settlement of Dispute [Filed 07/28/03]*

Stipulation Between AHLT and Martin Gregory Smith; Settlement of Dispute [Filed 07/28/03]*

Stipulation Allowing and Reducing (In Part) Claims (Sprint communications, LP [Filed 05/01/03]*

Stipulation Allowing Claim(s) (SRI Michigan Ave. Venture, LLC) [Filed 01/06/03]*

Stipulation Reducing and Allowing Claim and Withdrawing Motion for Administrative Claim (Support.com, Inc.) [Filed 03/27/03]*

Stipulation Allowing Claim (Bainy Suri) [Filed 04/17/03]*

Order Approving compromise of Controversy (Tickets.com) [Filed 03/21/03]

Stipulation Allowing Claim (TMP Interactive, Inc. dba Monster.com) [Filed 06/09/03]*

---

*Stipulations submitted to Court – no Court "order" followed.

Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 37 of 41

**EXHIBIT D**

Accountants Plus

Alexander, Lisa

Ali, Siraj

Amazon Pixels

American Express Travel Related Services Co.

Aramark Refreshment Services

Ascendant Media, Inc.

Ascential Software, Inc.

ASM Capital, L.P., as Assignee of Cable & Wireless Internet Services, Inc.

ASM Capital, L.P., as Assignee of Lens Express

AutomallUSA.com d/b/a Vehix.com

Automotive Information Center

Avaya

Brelsford, James F.

BTC Properties II, Ltd. and 3160343 Canada, Inc.

Cablevision

Canada Life Assurance Company

Carlson, Dirk D.

CDW Computers, Inc.

Chan, Fuk

Charter Communications, Inc.

Church Ranch Business Center II Building 4, LLC

Circa 65 Corporation

Circuit City Stores, Inc.

Club One

Computer Air/Power Systems, Inc.

Corio, Inc.

Dale, Curtis P.

Daniel J. Edelman, Inc.

Directors & Officers

Dow Jones & Company, Inc.

Edwards, Jeffrey

EOP-Searise Office Tower, LLC

Equinix, Inc.

Foundry Networks, Inc.

Fowler, Scott J.

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 38 of 41

**EXHIBIT D**

Gayles, Leilani
Gazoontite, Inc.
GE IT Solutions, Inc.
General Instrument Corporation d/b/a The Broadband Communications Sector of Motorola, Inc.
Golden Triangle Construction, Inc.
Gomez-Acebo Y Pombo Abogados SCP
Guttenberg Rapson & Colvin, LLP
Harris Interactive, Inc.
Hormel, Patricia A.
HotJobs.com
Hotsocket, Inc. Liquidating Trust
Houlihan Lokey Howard & Zukin Capital, Inc.
Idea Integration
In2Change, Inc.
Ip, Marian Manyan
Johnson Controls, Inc.
Ju, Annie
Kadiri, Inc.
Kilberg, Steven
Lee, Wai-Kin
Levitas, Ann
Longacre Master Fund, Ltd. as Assignee for Enliven, Inc.
Longacre Master Fund, Ltd. as Assignee for Exchange Applications
Martinez-Jones, Lourdes
Mas, Johnny
MatchNet PLC
McCann-Erickson (Amsteryard)
McCann-Erickson Marketing
MCI/Worldcom, Inc.
Media Station
Michaels, Adam B.
Moore, Dirk
Morrow v. Microsoft
Mui, Sammy
Net Fund 1, Ltd.
Nextel Communications
Oskoui-Fard, Parva
Overstock.com, Inc.

Case: 01-32495    Doc# 5156-1    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 39 of 41

**EXHIBIT D**

Pacific Shores Development, LLC
Page, Christine
Patterson, Randall
Pennsylvania Department of Revenue
Perez De Leza, Jorge
Pine Street Development
Playboy Enterprises International, Inc.
Pogo.com, Inc.
Professional Consulting Network, Inc.
Raco
Radio Shack Corporation
Ramirez, Mary Angela
Rogers Communications and Rogers Cable Systems
Rosenblatt, Richard and Mazzarella, Anthony
Route, Damian
Rucker, Hal
Shaw Cablesystems G.P.
Siebel Systems
Siegenfeld, Phillip
Sigma Systems Group
Silicon Valley Bank
Silver, Halley
Smith, Martin Gregory
Sportsline.com, Inc. (f/k/a Sportsline USA, Inc.)
Sprint
Sprint Communications, LP
SRI Michigan Avenue Venture, LLC
Stewart, David
Sun Professional Services/Sun Microsystems
Support.com, Inc.
Suri, Bainy
Sutton, Geoff
Systat Corporation /TKO Installation d/b/a Systat
Tan, Veronica
Tarango II, Rodger
Text 100 Corporation
Tickets.com
Tier1 Innovation

Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 40
of 41

**EXHIBIT D**

TKO Installation d/b/a Systat

TMP Interactive, Inc. d/b/a Monster.com

Universal Access, Inc.

Vijayalak, Patil

White House Writers Group

Williamson v. Spacone et al.

Willison, Stacy

Xiong, Youa

Case: 01-32495     Doc# 5156-1     Filed: 11/20/09     Entered: 11/20/09 19:44:21     Page 41
of 41