# EXHIBIT 2
# SHAW AMENDMENT

LA3:1162802.4

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AT HOME LIQUIDATING TRUST'S MOTION FOR ORDER APPROVING SETTLEMENT AND AGREEMENT AMENDMENT**

Case: 01-32495 Doc# 5156-2 Filed: 11/20/09 Entered: 11/20/09 19:44:21 Page 1 of 12

# AMENDMENT NO. 1 TO SETTLEMENT AGREEMENT AND RELEASE

THIS AMENDMENT NO. 1 TO SETTLEMENT AGREEMENT AND RELEASE (this "Amendment"), dated as of November 5, 2009, is made and entered into by and among the At Home General Unsecured Creditors' Liquidating Trust (the "GUC Trust"), the At Home Bondholders' Liquidating Trust, and the At Home Liquidating Trust, by and through their respective trustees (collectively, the "At Home Parties"), and Shaw Cablesystems G.P. ("Shaw"). Each of the At Home Parties and Shaw may be referred to in this Amendment individually as a "Party" and collectively as the "Parties."

    A.    The GUC Trust and Shaw have entered into the Settlement Agreement and Release dated as of April 8, 2003 (the "Settlement Agreement"; capitalized terms used here without definition shall have the meanings assigned to them in the Settlement Agreement, as amended hereby).

    B.    The Settlement Agreement contemplated that the GUC Trust would cause the At Home Liquidating Trust to grant a license to Shaw and certain related parties under the At Home Intellectual Property Rights.

    C.    The Parties desire to provide for the grant of a license by the At Home Parties and to amend the Settlement Agreement on the following terms and conditions.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements herein contained, and intending to be legally bound hereby, the Parties agree to amend the Settlement Agreement as follows:

    1.    Within ten (10) business days after the Amendment Effective Date, the GUC Trust shall make a cash payment to Shaw equal to US$1,000,000 (the "Settlement Reimbursement Payment") by wire transfer to an account designated by Shaw in a written notice to the GUC Trust given no later than five (5) business days after the Amendment Effective Date (as defined in paragraph 9 of this Amendment).

    2.    Notwithstanding any provision of the Settlement Agreement to the contrary, (i) the "At Home Parties" as used in the Settlement Agreement, as amended herein, shall include the GUC Trust, the At Home Bondholders' Liquidating Trust, and the At Home Liquidating Trust and (ii) the At Home Bondholders' Liquidating Trust and the At Home Liquidating Trust are parties only to this Amendment.

    3.    Paragraphs 3.1, 3.2, 3.2.1, 3.2.2, 3.3, and 3.4 of the Settlement Agreement are hereby deleted in their entirety and replaced with the following:

        3.1.    <u>At Home Trusts General Release (Excluding Intellectual Property Rights)</u>. Effective as of the Amendment Effective Date (as defined in Amendment No. 1 to Settlement Agreement and Release, dated as of November 5, 2009, among the Parties), the At Home Parties, each for itself and as successor to the Debtors and for its and their respective successors and assigns (collectively, the "At Home Trusts Releasing Parties"),

release and forever discharge Shaw; its partners; its associates and affiliates as those terms are defined in the Canada Business Corporations Act; its and their respective officers, directors, employees, agents, attorneys, advisors, insurers, shareholders, managers, members and affiliates; all predecessors, successors and assigns of all such persons or entities; and any purchasers of substantially all the assets of any such partners, associates and affiliates (collectively, "the Shaw Released Parties") from any and all actions, causes of action, claims, demands, debts, liabilities, contracts, obligations, accounts, torts, costs and expenses, of every kind and nature whatsoever, whether known or unknown or suspected or unsuspected, whether fixed or contingent, whether accrued or unaccrued, which the At Home Trusts Releasing Parties had, may now have, or in the future may have, directly or indirectly arising in whole or in part out of or in any way related to any transaction, matter, thing, occurrence, act, event or omission, including, without limitation: (a) any and all claims, defenses and allegations that were asserted or could have been asserted in the Litigation; (b) any and all claims, rights and interests of the Debtors preserved in the Plan and assigned or assignable to any of the At Home Parties by the Plan; (c) any claims otherwise related to the assets or liabilities of the Debtors assigned or assignable to any of the At Home Parties by the Plan; and (d) any and all claims, defenses and allegations that arose before the Amendment Effective Date. Provided however, the foregoing general release of this paragraph 3.1 does not apply to Intellectual Property Claims, as described in paragraph 3.2 below and paragraph 8 of Amendment No. 1 to Settlement Agreement and Release, dated as of November 5, 2009, among the Parties, or to any other matters pertaining to At Home Intellectual Property Rights or At Home Patents, as defined below.

   3.2. <u>At Home Trusts Intellectual Property Release</u>. In addition to the general release in paragraph 3.1, the At Home Trusts Releasing Parties release and forever discharge the Shaw Released Parties and their customers or other transferees from any and all actions, causes of action, claims, demands, debts, liabilities, contracts, obligations, accounts, torts, costs and expenses, of every kind and nature whatsoever, whether known or unknown or suspected or unsuspected by the releasing Party, whether fixed or contingent, whether accrued or unaccrued, which the At Home Trusts Releasing Parties had or now may have on the effective date of this Agreement, directly or indirectly arising in whole or in part out of or in any way related to, any At Home Canadian Intellectual Property Rights as well as any At Home United States Intellectual Property Rights used solely for or by Shaw end-user customers (collectively, "At Home Intellectual Property Rights"), including without limitation any such claims of infringement, contributory infringement or inducing infringement of any or all of the At Home Patents (collectively, "Intellectual Property Claims"). With respect to the release of customers and other transferees in this paragraph 3.2, the release extends only to Intellectual Property Claims that arise from products, services or assets provided to such customer or other transferee by Shaw.

   3.2.1 "At Home Canadian Intellectual Property Rights" as used in this Agreement shall mean any proprietary right under the intellectual property laws of Canada held at any time by the At Home Liquidating Trust, the GUC Trust, or the At Home Bondholders' Liquidating Trust, including specifically (i) patent law, (ii) copyright law, (iii) trademark law, (iv) design patent or industrial design law, (v) semiconductor chip or maskwork law, (vi) all registrations under the aforementioned laws of Canada, including but not limited to Canadian Patents, Canadian copyright registrations, Canadian trademark

2

registrations, Canadian industrial design registrations, and Canadian integrated circuit topography registrations, or (vii) any other Canadian statutory or common law principle which may provide a right in either ideas, formulae, algorithms, concepts, inventions or know-how generally including Canadian trade secret law or the expression of such ideas, formulae, algorithms, concepts, inventions, or know-how. "At Home United States Intellectual Property Rights" as used in this Agreement shall mean any proprietary right under the intellectual property laws of the United States held at any time by the At Home Liquidating Trust, the GUC Trust, or the At Home Bondholders' Liquidating Trust, including specifically (i) patent law, (ii) copyright law, (iii) trademark law, (iv) design patent or industrial design law, (v) semiconductor chip or maskwork law, (vi) all registrations under the aforementioned laws of the United States, including but not limited to United States Patents, United States copyright registrations, United States trademark registrations, United States industrial design registrations, and United States integrated circuit topography registrations, or (vii) any other United States statutory or common law principle which may provide a right in either ideas, formulae, algorithms, concepts, inventions or know-how generally including United States trade secret law or the expression of such ideas, formulae, algorithms, concepts, inventions, or know-how.

   3.2.2 "At Home Patents" as used in this Agreement shall mean any and all United States or Canadian patent applications and patents now issued or hereafter issuing, for any invention in which any of the At Home Parties had, now has or hereafter has any ownership interest or enforcement rights whatsoever, whether or not such interest is currently held by any of the At Home Parties, including without limitation the '571 Patent.

   3.3. <u>Definition</u>.  The claims released in paragraphs 3.1 and 3.2 may be referred to collectively in this Agreement as the "At Home Trusts Released Claims."

   3.4. <u>Shaw General Release</u>.  Effective as of the Amendment Effective Date, Shaw, for and on behalf of itself; its partners; its associates and affiliates as those terms are defined in the Canada Business Corporations Act; and its and their respective predecessors, successors and assigns (collectively, "Shaw Releasing Parties") do hereby release and forever discharge the GUC Trust, the At Home Liquidating Trust and the At Home Bondholders' Liquidating Trust, and their respective officers, directors, employees, agents, attorneys, advisors, insurers and all successors and assigns of all such persons or entities (collectively, "the GUC Trust Released Parties) from any and all actions, causes of action, claims, demands, debts, liabilities, contracts, obligations, accounts, torts, costs and expenses, of every kind and nature whatsoever, whether known or unknown or suspected or unsuspected, whether fixed or contingent, whether accrued or unaccrued, which the Shaw Releasing Parties had, may now have or in the future may have, directly or indirectly arising in whole or in part out of or in any way related to any transaction, matter, thing, occurrence, act, event or omission, including, without limitation and without limiting the generality of this paragraph 3.4: (a) any and all claims, defenses and allegations that were asserted or could have been asserted in the Litigation or pursuant to the Proof of Claim; (b) any liabilities of the Debtors assigned or assignable to any of the GUC Trust, the At Home Liquidating Trust or the At Home Bondholders' Liquidating Trust by the Plan; and (c) any and all claims, defenses and allegations that arose before the Amendment Effective Date (collectively, the "Shaw Released Claims").

3

4. Paragraphs 4.1 and 4.2 of the Settlement Agreement are hereby deleted in their entirety and replaced with the following:

4.1. <u>At Home Trusts Covenant</u>. The At Home Trusts Releasing Parties covenant and agree that they will not commence, maintain, initiate or prosecute, or cause, encourage or assist any other person or entity to commence, maintain, initiate or prosecute, any action, suit, arbitration, proceeding or claim before any court or other tribunal (whether state, federal or otherwise) against any Shaw Released Party arising from, concerned with, or otherwise related to, in whole or in part, any of the At Home Trusts Released Claims. Without limiting the generality of the foregoing, this covenant not to sue specifically includes any action, suit, arbitration, proceeding or claim arising from, concerned with or in any way relating to the At Home Intellectual Property Rights. Compliance with a subpoena or other court order to provide information relating to the At Home Trusts Released Claims in an action brought by a third party shall not constitute a breach of this covenant. On receipt of such a subpoena or court order, each At Home Party will give prompt notice to Shaw to enable Shaw to oppose or seek a protective order with respect to such subpoena or order.

4.2. <u>Shaw Covenant</u>. The Shaw Releasing Parties covenant and agree that they will not commence, maintain, initiate or prosecute, or cause, encourage or assist any other person or entity to commence, maintain, initiate or prosecute, any action, suit, arbitration, proceeding or claim before any court or other tribunal (whether state, federal or otherwise) against the GUC Trust, the At Home Liquidating Trust or the At Home Bondholders' Liquidating Trust arising from, concerned with, or otherwise related to, in whole or in part, any of the Shaw Released Claims. Without limiting the generality of the foregoing, this covenant not to sue specifically includes any action, suit, arbitration, proceeding or claim arising from, concerned with or in any way relating to the At Home Intellectual Property Rights, including but not limited to the At Home Patents. Compliance with a subpoena or other court order to provide information relating to the Shaw Released Claims in an action brought by a third party shall not constitute a breach of this covenant. On receipt of such a subpoena or court order, Shaw will give prompt notice to the GUC Trust, the At Home Liquidating Trust or the At Home Bondholders' Liquidating Trust to enable the appropriate trust(s) to oppose or seek a protective order with respect to such subpoena or order.

5. Paragraph 5.1 of the Settlement Agreement is hereby deleted in its entirety and replaced with the following:

5.1 <u>License</u>. The At Home Parties hereby grant to Shaw and its Affiliates (as defined below in this paragraph 5.1), effective as of the Effective Date, a non-exclusive, perpetual, irrevocable, royalty-free, paid-up right and license, with no right to sublicense, under all At Home Canadian Intellectual Property Rights, to make, have made, use, sell, offer for sale, lease, otherwise dispose of, import and otherwise exploit and market products, services, methods and processes, and under all At Home United States Intellectual Property Rights, to make, have made, use, sell, offer for sale, lease, otherwise dispose of, import and otherwise exploit and market products, services, methods and processes, solely for or to Shaw end-user customers; provided that, in the case of the

4

foregoing license under the At Home United States Intellectual Property Rights, the license shall be limited to use by up to 400,000 end-user customers in the United States at any one time. This license may only be assigned in whole (but not in part) (i) to any person now or hereafter directly or indirectly controlling, controlled by or under common control with Shaw (an "Affiliate") in connection with an internal reorganization of Shaw and its affiliated companies; or (ii) to a purchaser of all or substantially all of Shaw's business, whether by merger, consolidation, sale of stock, sale of all or substantially all assets or otherwise. Without affecting the extension of the license granted hereunder to existing or future Affiliates of Shaw, neither Shaw nor any of such Affiliates, nor any such purchaser, shall be permitted to grant any sublicense hereunder. In the event that the number of end-user customers of Shaw or any of its Affiliates in the United States exceed 400,000 in the aggregate at any one time (whether as a result of the acquisition of all of the stock or assets of a U.S. company or otherwise), the At Home Parties agree to expand the foregoing license to include a grant under the At Home United States Intellectual Property Rights used for or by Shaw end-user customers located in the United States in excess of 400,000 in the aggregate at any one time, subject to Shaw's agreement to pay a reasonable royalty (to be negotiated in good faith by Shaw and the At Home Parties or their successor in interest) with respect to the use of the At Home United States Intellectual Property Rights by such customers located in the United States in excess of 400,000 in the aggregate at any one time.

6. Paragraph 5.2 of the Settlement Agreement is hereby deleted in its entirety and replaced with the following:

> Representations. The At Home Parties represent and warrant to Shaw that they together have the exclusive right, privilege, and ability to grant licenses under and to commence or maintain judicial proceedings, recover damages or obtain other remedies or relief to enforce rights in or related to the At Home Canadian Intellectual Property Rights and the At Home United States Intellectual Property Rights, arising out of past, present or future acts or events, including without limitation the right to commence actions for infringement, inducing infringement, or contributory infringement or otherwise enforce any of the At Home Patents.

7. Paragraphs 5.3, 5.4 and 5.5 of the Settlement Agreement are hereby deleted in their entirety.

8. The At Home Trusts Releasing Parties release and forever discharge the Shaw Released Parties and their customers or other transferees from any and all actions, causes of action, claims, demands, debts, liabilities, contracts, obligations, accounts, torts, costs and expenses, of every kind and nature whatsoever, whether known or unknown or suspected or unsuspected by the releasing Party, whether fixed or contingent, whether accrued or unaccrued, which the At Home Trusts Releasing Parties had or may now have as of the Amendment Effective Date, directly or indirectly arising in whole or in part out of or in any way related to, any At Home Intellectual Property Rights used solely for or by Shaw end-user customers prior to the Amendment Effective Date, including without limitation any Intellectual Property Claims that arose prior to the Amendment Effective Date. With respect to the release of customers and other transferees in this paragraph 8, the release extends only to Intellectual Property Claims that arise from products,

5

services or assets provided to such customer or other transferee by Shaw. The At Home Trusts Releasing Parties covenant and agree that they will not commence, maintain, initiate or prosecute, or cause, encourage or assist any other person or entity to commence, maintain, initiate or prosecute, any action, suit, arbitration, proceeding or claim before any court or other tribunal (whether state, federal or otherwise) against any Shaw Released Party arising from, concerned with, or otherwise related to, in whole or in part, any Intellectual Property Claims or other claims described in this paragraph 8 or in paragraph 3.1 or 3.2 of the Settlement Agreement that arose after the effective date of the Settlement Agreement and prior to the Amendment Effective Date (the "Additional At Home Trusts Released Claims"). Without limiting the generality of the foregoing, this covenant not to sue specifically includes any action, suit, arbitration, proceeding or claim arising from, concerned with or in any way relating to the At Home Intellectual Property Rights that arose after the effective date of the Settlement Agreement and prior to the Amendment Effective Date. Compliance with a subpoena or other court order to provide information relating to the Additional At Home Trusts Released Claims in an action brought by a third party shall not constitute a breach of this covenant. On receipt of such a subpoena or court order, each At Home Party will give prompt notice to Shaw to enable Shaw to oppose or seek a protective order with respect to such subpoena or order.

9. Effectiveness. All references in the Settlement Agreement to "this Agreement" shall be deemed to refer to the Settlement Agreement, as amended by this Amendment. The "Amendment Effective Date" shall be the date of effectiveness of a settlement and release agreement among the GUC Trust, the At Home Liquidating Trust and the At Home Bondholders' Liquidating Trust under which each of the At Home Trusts releases all claims it has or may have against each of the other At Home Trusts (the "Trust Settlement"). It is the intention of the parties hereto that this Amendment be consummated simultaneous with the Trust Settlement and the effectiveness of the Trust Settlement is a condition to the effectiveness of this Amendment. If the Amendment Effective Date does not occur on or prior to January 31, 2010, this Amendment shall be null and void and neither the terms nor statements contained in this Amendment, any pleadings filed seeking an approval of this Amendment, nor correspondence related to the negotiation, drafting or approval of this Amendment, shall be argued nor deemed to be an admission against any Party's interest in any contested matter or litigation by and between the Parties, or any of them. For the avoidance of doubt, this shall include any information divulged to a Party pursuant to this Amendment, including any settlement agreements or other agreements provided by any Party, which shall also be kept confidential pursuant to the terms of any applicable confidentiality or non-disclosure agreement. The Parties acknowledge that this Amendment represents a compromise of disputed claims and that neither the payment of any consideration hereunder, nor anything contained in this Amendment or the Settlement Agreement, as amended, shall be construed as an admission by any Party to this Amendment of any liability of any kind on behalf of such Party to this Amendment any other Party to this Amendment.

10. Governing Law. This Amendment shall be interpreted, construed and enforced in accordance with the laws of the State of California and, where controlling, applicable United States federal law.

11. No Other Amendments. Subject to the amendments made in this Amendment, all of the terms and provisions set forth in the Settlement Agreement shall remain in full force and effect.

6

12. <u>Counterparts</u>.  This Amendment may be executed in counterparts, each of which shall be deemed an original.  Copies and/or facsimile transmittal signature pages may used instead of originals, the executed counterparts shall be construed as and constitute on agreement that ill be binding on the parties.

*[Signature Page Follows]*

7

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first written above by their respective officers or representatives thereunto duly authorized.

SHAW CABLESYSTEMS G.P.

By: _____
Name: _____
Title: Michael D'Avella
       Sr. Vice President, Planning

By: _____
Name: PETER A. JOHNSON
Title: VICE PRESIDENT, LAW

[SHAW] 1/12/9 Approved as to form /H/ Legal

AT HOME GENERAL UNSECURED
CREDITORS' LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME BONDHOLDERS' LIQUIDATING
TRUST

By: _____
Name: _____
Title: Trustee

8

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first written above by their respective officers or representatives thereunto duly authorized.

SHAW CABLESYSTEMS G.P.

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____

AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST

By: *[signature]* Hank Spacone, Trustee
Name: HANK M. SPACONE
Title: Trustee

AT HOME LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME BONDHOLDERS' LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

8

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first written above by their respective officers or representatives thereunto duly authorized.

SHAW CABLESYSTEMS G.P.

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____

AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME LIQUIDATING TRUST

By: *[signature]*
Name: *[signature]*
Title: Trustee

AT HOME BONDHOLDERS' LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

8

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed as of the date first written above by their respective officers or representatives thereunto duly authorized.

SHAW CABLESYSTEMS G.P.

By: _____
Name: _____
Title: _____

By: _____
Name: _____
Title: _____

AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME LIQUIDATING TRUST

By: _____
Name: _____
Title: Trustee

AT HOME BONDHOLDERS' LIQUIDATING TRUST

By: *(signature)*
Name: Richard A. Williamson
Title: Trustee

8

Case: 01-32495    Doc# 5156-2    Filed: 11/20/09    Entered: 11/20/09 19:44:21    Page 12 of 12