Entered on Docket
December 21, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | SUZZANNE UHLAND (S.B. 136852)
  | BRETT WILLIAMSON (S.B. 145235)
2 | KAREN RINEHART (S.B. 185996)
  | JENNIFER TAYLOR (S.B. 241191)
3 | O'MELVENY & MYERS LLP
  | 400 South Hope Street
4 | Los Angeles, CA 90071-2899
  | Telephone: (213) 430-6000
5 | Facsimile: (213) 430-6407

Signed and Filed: December 18, 2009

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

6 | Attorneys for the At Home Liquidating Trust, successor in
7 | interest to At Home Corporation, et al., Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Division

| | |
|---|---|
| In re | Case No. 01-32495-TC |
| AT HOME CORPORATION, a Delaware corporation, et al., | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | **Hearing Date:** |
| | Date: December 18, 2009 |
| | Time: 11:00 a.m. PST |
| | Place: 235 Pine Street, 23rd Floor |
| | San Francisco, California |
| | Judge: Hon. Thomas E. Carlson |

**ORDER GRANTING THE AT HOME LIQUIDATING TRUST'S MOTION FOR ORDER APPROVING (A) SETTLEMENT AMONG THE AT HOME LIQUIDATING TRUST, THE BONDHOLDERS' LIQUIDATING TRUST AND THE AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST, (B) AGREEMENT AMENDMENT AMONG THE AT HOME LIQUIDATING TRUST, THE BONDHOLDERS' LIQUIDATING TRUST, THE AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST AND SHAW CABLESYSTEMS G.P, AND (C) TRANSFER OF INTELLECTUAL PROPERTY ASSETS OF THE AT HOME LIQUIDATING TRUST AND THE AT HOME GENERAL UNSECURED CREDITORS' LIQUIDATING TRUST TO THE BONDHOLDERS' LIQUIDATING TRUST <u>FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES.</u>**

(Shaw Cablesystems G.P., McNutt Law Group LLP, Nixon Peabody LLP)

SF1:781727.7

ORDER GRANTING MOTION FOR ORDER
APPROVING SETTLEMENT

Upon the Motion for Order Approving (A) Settlement Among the At Home Liquidating Trust, the Bondholders' Liquidating Trust (the "BHLT") and the At Home General Unsecured Creditors' Liquidating Trust (the "GUCLT"), (B) Agreement Amendment Among the AHLT, BHLT, GUCLT and Shaw Cablesystems G.P. ("Shaw") and (C) Transfer of Intellectual Property Assets of the AHLT and the GUCLT to the BHLT Free and Clear of Liens, Claims, Interests and Encumbrances (the "Motion")[1] filed by the At Home Liquidating Trust ("AHLT" and, together with the BHLT and the GUCLT, the "Trusts"), successor in interest to At Home Corporation ("At Home") and certain of its affiliated entities (together with At Home, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases, with this Court on November 20, 2009 seeking entry of an order approving the Settlement Agreement entered into by and among the AHLT, the BHLT and the GUCLT, the Shaw Amendment entered into by and among the AHLT, the BHLT, the GUCLT and Shaw, and approving the transfer of the intellectual property of the AHLT and the GUCLT to the BHLT free and clear of all liens, claims, and encumbrances (other than the license rights expressly set forth in the Shaw Amendment).

NOW, THEREFORE, based upon all of the evidence proffered or adduced; the memoranda and objections, if any, filed in connection with the Motion; the arguments and evidence offered at the hearing on the Motion conducted on December 18, 2009; and the Court having determined that the relief requested in the Motion is in the best interests of the AHLT, the estates, the creditors and other parties in interest; and upon the entire record of these cases; and after due deliberation thereon; and good cause appearing therefor;

IT IS HEREBY FOUND, CONCLUDED AND DECLARED THAT:[2]

A. The Court has jurisdiction over this matter and over the property of the AHLT and the bankruptcy estates pursuant to 28 U.S.C. §§ 157 and 1334;

---

[1] Capitalized terms used but not defined herein shall have the meaning given to such terms in the Motion.
[2] Pursuant to Federal Rule of Bankruptcy Procedure 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact as appropriate.

SF1:781727.7

1

ORDER GRANTING MOTION FOR ORDER APPROVING SETTLEMENT

Case: 01-32495   Doc# 5189   Filed: 12/18/09   Entered: 12/21/09 14:08:47   Page 2 of 12

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105, 363 and 1146, Bankruptcy Rules 6004 and 9019(a) of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rules 6004-1 and 9014-1

C. Good and sufficient notice of the Motion has been given, in accordance with Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California, and notice is in compliance with the Federal Rules of Bankruptcy Procedure and the local rules of procedure of this Court. Such parties in interest, including: (i) the Office of the United States Trustee for the Northern District of California, (ii) all parties known to the AHLT to have or assert liens in the assets to be transferred pursuant to the Settlement, (iii) counsel for any statutory committees appointed in these cases, have been afforded a reasonable opportunity to object to or to be heard regarding the relief requested in the Motion, and no other or further notice is necessary to grant the relief herein.

D. The releases provided for in this Order and the Settlement do not affect claims held by beneficiaries of a Trust against professionals, trustees, fiduciaries employed by or Supervisory Board members of *that* Trust.

E. The proposed transfer of the Intellectual Property contemplated in the Settlement and the mutual releases in the Settlement and the Shaw Amendment reflect the exercise at this time of the Trusts' sound business judgment and a proper exercise of the Trusts' fiduciary duties.

F. Approval at this time of the relief requested in the Motion, including without limitation the transfer of the Intellectual Property to the BHLT and execution of the Settlement and the Shaw Amendment, is in the best interests of the Trusts, their creditors, their estates, and other parties in interest.

G. The proposed transfer of the Intellectual Property was negotiated, proposed, and entered into by the parties at this time without collusion, in good faith, and from arm's-length bargaining positions. The BHLT is a buyer in good faith under section 363(m) of

the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. Neither the AHLT nor any other party to the Settlement or documents related thereto has engaged in any conduct that would cause or permit the Settlement and the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code.

H.  The transfer of the Intellectual Property to the BHLT pursuant to the Settlement (a) is or will be legal, valid, and effective transfers of property of the AHLT and the GUCLT to the BHLT, and (b) except as expressly provided in the Settlement, vests or will vest the BHLT with the AHLT's and the GUCLT's right, title, and interest in the Intellectual Property free and clear of Liens and Claims (as hereinafter defined) (other than the license rights expressly set forth in the Shaw Amendment).

I.  The AHLT and the GUCLT may transfer the Intellectual Property to the BHLT pursuant to the Settlement free and clear of Liens and Claims as provided for in this Order because, under the circumstances, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied, because (a) the holders of such Liens and Claims have consented to such transfer; and/or (b) such holders could be compelled in a legal or equitable proceeding to accept a money satisfaction of such Liens and Claims.

J.  The proposed transfer of the Intellectual Property to the BHLT is in furtherance of a plan of liquidation. The transfers pursuant to the Settlement are not subject to taxation under any federal, state, local, municipal, or other law imposing or purporting to impose a stamp, transfer, recording, sale, or any other similar tax on any of the AHLT's transfers or sales of real estate, personal property, or other assets owned by it in accordance with sections 1146(c) and 105(a) of the Bankruptcy Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is GRANTED in all respects.

2.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, mooted or settled, and all reservations of rights not incorporated in this Order, are overruled on the merits.

3. The Settlement Agreement by and among the AHLT, the BHLT and the GUCLT is approved in all respects.

4. The Shaw Amendment by and among the AHLT, the BHLT, the GUCLT and Shaw is approved in all respects.

5. Pursuant to section 363(b) of the Bankruptcy Code, each of the Trusts is hereby authorized and empowered on the closing of the Settlement to fully perform under, consummate, and implement the Settlement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Settlement and the transactions contemplated thereby, and to take all further actions as may be reasonably necessary for the purpose of assigning, transferring, granting, conveying, and conferring to the BHLT, or reducing to possession, any or all of the AHLT's and the GUCLT's rights that are contemplated to be transferred pursuant to the Settlement, or as may be necessary or appropriate to the performance of the Settlement.

6. Pursuant to the terms of the Settlement, the obligations of the Trusts under the Settlement are subject to the prior satisfaction of the following conditions unless waived by written consent of each of the Trusts as to conditions (a), (f) and (g) and by the BHLT with respect to the remaining conditions:

(a) This Order shall have been entered and be unstayed.

(b) At least five business days before the Closing Date, the GUCLT shall have provided to the AHLT and the BHLT a schedule of the GUCLT Transferred Assets, such schedule to contain all assets with an identifiable value (other than intangible litigation rights) for all assets other than the GUCLT Retained Assets (as hereinafter defined) (the "GUCLT Transferred Assets Schedule"). This schedule shall not include any of the claims reserved under Paragraph (D), above, which are specifically excluded from any assets to be transferred or released by the GUCLT.

(c) At least five business days before the Closing Date, the GUCLT shall have provided to the AHLT and BHLT a schedule of the GUCLT Retained Assets, such schedule to contain all assets with an identifiable value that the GUCLT is retaining (the "GUCLT Retained

Assets Schedule"), provided that the GUCLT Transferred Assets will be all GUCLT assets other than GUCLT Retained Assets (as hereinafter defined) regardless of whether those assets appear on the GUCLT Retained Assets Schedule. Whether or not included in the schedule of GUCLT Retained Assets, the claims reserved in Paragraph (D), above, are excluded from any assets to be transferred or released by the GUCLT.

    (d)    The GUCLT shall have provided to the AHLT and the BHLT a schedule containing true and correct information to the best of the GUCLT's knowledge of all parties that may assert a lien, encumbrance or interest in or on the GUCLT Transferred Assets.

    (e)    The Trusts and Shaw shall have entered into the Shaw Amendment, which shall become effective concurrently with the effectiveness of this Settlement Agreement.

    (f)    The AHLT shall have prepared and delivered to the other Parties for execution at least five business days before the Closing Date, and the Parties shall have executed and delivered to the BHLT, such assignments, instruments, waivers, quitclaims and other documents as may be necessary to effect the transfer of the Intellectual Property, as set forth in paragraphs 2(a), 4, 9 and 10 of the Settlement, to the BHLT.

    (g)    The Closing Date shall have occurred no later than January 31, 2010.

7.    Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, all of the AHLT's and the GUCLT's right, title and interest in the assets to be transferred to the BHLT shall vest the BHLT with all the right, title and interest of the Debtors and their successors in interest (whether the AHLT, the BHLT, or the GUCLT) to such transferred assets free and clear of any and all liens (including, without limitation, mechanics', materialmens' and other consensual and non-consensual liens and statutory liens), security interests, encumbrances and claims (as defined in section 101(5) of the Bankruptcy Code), reclamation claims, mortgages, pledges, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, rights of first refusal, contracts, offsets, recoupment, rights of recovery, judgments, orders, claims for reimbursements, contribution, indemnity or exoneration, in each case whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or

disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the date the Debtors filed for relief in this Court, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims") that may be asserted against Nixon Peabody LLP, The McNutt Law Group LLP, Shaw Cablesystems G.P. (other than the license rights expressly set forth in the Shaw Amendment), any beneficiaries of the GUCLT or their attorneys, agents or assigns, and any other party served with the Motion, with all such Liens and Claims to attach only to the proceeds of the transfer with the same priority, validity, force and effect as they now have in or against the Intellectual Property.

8. If any person or entity that has filed financing statements or other documents or agreements evidencing Liens and Claims shall not have delivered to the Trusts prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, and releases of Liens and Claims that the person or entity has with respect to the rights to be transferred pursuant to the Settlement or otherwise, then (a) the Trusts are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the rights to be transferred pursuant to the Settlement, and (b) the BHLT is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of Liens and Claims.

9. The transfer of the rights to be transferred pursuant to the Settlement by the AHLT and the GUCLT to the BHLT (a) are legal, valid and effective transfers of such rights and (b) vest in the BHLT all right, title and interest of the AHLT and the GUCLT in and to such rights (subject the license rights expressly set forth in the Shaw Amendment).

10. With respect to any Liens, Claims and Interests asserted by Shaw relating to the GUCLT Transferred Assets pursuant to the 2003 Shaw Agreement, the sole form of adequate protection granted to Shaw shall be pursuant to the Shaw Amendment. Shaw shall have no other rights or claims against the BHLT, the AHLT or the GUCLT.

11. Nothing contained in the Plan confirmed in these cases or the Confirmation Order or any other order entered in these cases shall conflict with or derogate from the provisions of the Settlement, the transfer of the Intellectual Property, or the terms of this Order.

12. Article 7.H.13 of the Plan is hereby deemed amended as set forth in Exhibit A to the Settlement Agreement.

13. Article 7.1 of the BHLT Trust Agreement is hereby deemed amended as set forth in Exhibit B to the Settlement Agreement.

14. The Settlement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof as the Trusts and Shaw may agree, without further order of the Court, provided that any such modification, amendment, or supplement is not material. The transfer of the rights to be transferred pursuant to the Settlement is not subject to taxation under any federal, state, local, municipal, or other law imposing or purporting to impose a stamp, transfer, recording, sale, or any other similar tax on any of the AHLT's transfers or sales of real estate, personal property, or other assets owned by it in accordance with sections 1146(c) and 105(a) of the Bankruptcy Code.

15. The transactions contemplated by the Settlement and the Shaw Amendment have been bargained for and undertaken by the Trusts and Shaw at arms'-length, without collusion, and in good faith within the meaning of section 363(m) of the Bankruptcy Code; the Trusts and Shaw have not engaged in any conduct that would cause or permit the Settlement to be avoided.

16. This Order is and shall be binding upon and govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record

or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Trusts' rights to be transferred pursuant to the Settlement.

17. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Settlement.

18. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any obligation or right granted pursuant to the terms of this Order, and notwithstanding any reversal, modification, or vacatur of this Order, any actions taken by the Trusts or Shaw pursuant to the terms of this Order prior to the effective date of any such reversal, modification, or vacatur shall be governed in all respects by the original provisions of this Order and the Settlement, as the case may be.

19. This Court retains jurisdiction to (i) enforce and implement the terms and provisions of the Settlement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith, (ii) resolve any disputes, controversies, or claims arising out of or relating to the Settlement, and (iii) interpret, implement, and enforce the provisions of this Order.

20. The terms and provisions of the Settlement, together with the terms and provisions of this Order, shall be binding in all respects upon the Trusts and their creditors, and any affected third parties and all persons asserting a Claim against or interest in the Trusts' estates or any of the rights to be transferred to the BHLT pursuant to the Settlement. The Settlement and the transactions contemplated thereby shall be specifically performable and enforceable against and binding upon, and not subject to rejection or avoidance by, the Trusts or any chapter 7 or chapter 11 trustee and their respective estates.

21. Because time is of the essence, the stay required under Bankruptcy Rules 6004(h) and 6006(d) is hereby waived. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

*END OF ORDER*

# COURT SERVICE LIST

**Office of the United States Trustee**
Patricia Cutler, Esq.
Office of the U.S. Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Phone: (415) 705-3333
Fax:   (415) 705-3379

**Co-Counsel to Bondholders' Liquidating Trust**
Weil, Gotshal & Manges LLP
Joseph Allerhand, Esq.
Richard Slack, Esq.
767 Fifth Avenue
New York, NY 10153-0119
Phone: (212) 310-8000
Fax:   (212) 310-8007

**Co-Counsel to Bondholders' Liquidating Trust**
Maxim B. Litvak, Esq.
Pachulski, Stang, Ziehl & Jones, P.C.
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Phone: (415) 263-7000
Fax:   (415) 263-7010

**Counsel for At Home General Unsecured Creditors' Liquidating Trust**
Scott H. McNutt, Esq.
Michael Sweet, Esq.
McNutt Law Group
188 The Embarcadero, Suite 800
San Francisco, CA 94105
Phone: (415) 995-8475
Fax:   (415) 995-8487

**Counsel for Official Committee of Equity Security Holders**
Stephen C. Becker, Esq.
Becker Law Office
Robert Dollar Building
311 California Street, Suite 330
San Francisco, CA 94104-2625
Phone: (415) 434-8000
Fax:   (415) 362-7411

**Counsel for the At Home Liquidating Trust, successor in interest to At Home Corporation, et al., Debtors and Debtors in Possession**
Suzzanne Uhland, Esq.
Jennifer Taylor, Esq.
O'Melveny & Myers LLP
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel:   (415) 984-8700
Fax:   (415) 984-8701

**Counsel for the At Home Liquidating Trust, successor in interest to At Home Corporation, et al., Debtors and Debtors in Possession**.
Karen Rinehart, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
Tel:   (213) 430-6000
Fax:   (213) 430-6407

**Counsel for the At Home Liquidating Trust, successor in interest to At Home Corporation, et al., Debtors and Debtors in Possession**
Brett Williamson, Esq.
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel:   (949) 760-9600
Fax:   (949) 823-6994

| | | |
|---|---|---|
| 1 | **Counsel to Shaw Cablesystems G.P.**<br>David Kennedy, Esq.<br>Gibson, Dunn & Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304<br>Tel: (650) 849-5304<br>Fax: (650) 849-5004 | **Counsel to Shaw Cablesystems G.P.**<br>Oscar Garza, Esq.<br>Gibson, Dunn & Crutcher LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Tel: (949) 451-3800<br>Fax: (949) 451-4220 |
| 5 | | |
| 6 | **Nixon Peabody LLP**<br>Attention: Managing Partner<br>One Embarcadero Center, Suite 1800<br>San Francisco, CA 94111<br>Tel: (415) 984-8200<br>Fax: (415) 984-8300 | **McNutt Law Group LLP**<br>Attention: Managing Partner<br>188 The Embarcadero, Suite 800<br>San Francisco, CA 94105<br>Phone: (415) 995-8475<br>Fax: (415) 995-8487 |
| 9 | **Winston & Strawn LLP**<br>Attention: Managing Partner<br>101 California Street<br>San Francisco, CA 94111-5802<br>Tel: (415) 591-1000<br>Fax: (415) 591-1400 | **Winston & Strawn LLP**<br>Attention: Glenn Westreich, Esq.<br>101 California Street<br>San Francisco, CA 94111-5802<br>Tel: (415) 591-6825<br>Fax: (415) 591-1400 |